UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.: 3:15-cv-327 |
| | § | |
| *Versus* | § | |
| | § | |
| WOOD GROUP PSN, INC., ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. Comes now Milorad Raicevic ("Plaintiff") complaining of Defendants Wood Group PSN, Inc., Fieldwood Energy LLC, Shamrock Management LLC, and Island Operating Company, Inc. ("Defendants") and would show the following:

### PARTIES

2. Plaintiff is a resident of Texas and of this District.

3. Defendant Wood Group PSN, Inc. is a foreign entity doing business in this District and may be served with process through its registered agent Corporation Service Company d/b/a CSC – Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Fieldwood Energy LLC is a foreign entity with its principal place of business in this District and doing business in this District and may be served with process through its registered agent Capitol Corporate Services Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

5. Defendant Shamrock Management, LLC d/b/a Shamrock Energy Solutions is a foreign entity doing business in this District and may be served with process through its registered agent Clinton B. Schexnayder, 10375 Richmond Ave., Suite 1368, Houston, Texas 77042, or wherever else he may be found.

6. Defendant Island Operating Company, Inc.is a foreign entity doing business in this District and may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331 *et seq.* and/or under general maritime law.

8. This Court has venue over this case pursuant to 28 U.S.C. § 1391(b)(1) and under 43 U.S.C. § 1349(b)(1) as one or more Defendants reside in this District and/or may be found in this District.

## FACTS

9. On or about December 1, 2014, Plaintiff was working as a production technician for Waukesha Pearce, and was injured when he slipped and fell on the Main Pass 153B platform owned, operated and/or controlled by Defendants due to oil and/or liquid that had been leaking and spraying out of machinery on the platform. Plaintiff sustained serious injuries to his back, legs, and other parts of his body.

10. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were

proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of Defendants, their agents, servants and/or employees, including Defendants' "company man", who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

11.  Plaintiff would further show that Defendants had custody or control of the platform, and were responsible for maintaining the platform in a reasonably safe condition, free form hazards that would expose the Plaintiff to injury.

12.  Defendants also maintained control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question, including the Plaintiff. Defendants had the right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed. Further, Defendants were in overall charge of safety at the job site in question, and owed Plaintiff a duty to exercise reasonable care to insure that said work by all contractors at the work site in question, was done in a safe and prudent manner.

### CAUSES OF ACTION:  NEGLIGENCE AND GROSS NEGLIGENCE AND NEGLIGENCE PER SE

13.  As stated above, on or about March 20, 2015, Plaintiff sustained severed and disabling injuries when he slipped on the platform.  Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, negligence per se, and/or conditions attributable to it, directly and/or vicariously, by and through their agents, representatives and/or employees, in one or more

of the following particulars:

    (a) Failing to maintain the equipment and machinery on the platform in a reasonably safe condition;

    (b) Failing to maintain the deck of the platform in a reasonably safe condition;

    (c) Failing to warn the Plaintiff of the unreasonably dangerous condition of the deck;

    (d) Failing to barricade or otherwise control access to the area of the deck where fluids were leaking;

    (e) Failing to use sand, absorbent pads or other means to clean the slick substance off the deck in the area where Plaintiff fell;

    (f) Failure to properly supervise and train their employees and crew;

    (g) Failure to provide adequate safety equipment;

    (h) Failure to provide appropriate medical treatment;

    (i) Failure to maintain the platform;

    (j) Vicariously liable for their employees' negligence;

    (k) Violating applicable OSHA and/or BSEE and/or other applicable standards;

    (l) Failure to maintain a safe work environment;

    (m) Other acts so deemed negligent, particulars to be shown at trial of this cause.

    14.    As a result of Defendants' actions and/or inactions, Plaintiff has endured and in all likelihood will continue to endure severe pain and suffering, physical impairment, discomfort, disfigurement, distress, mental anguish, and other medical problems. As a result thereof, Plaintiff was obliged to obtain medical and pharmaceutical care and treatment, incurred lost time from his employment, and incurred a loss of earnings. In all

likelihood and as a result of Defendants' actions, Plaintiff will continue to need medical and pharmaceutical treatment, incur a loss of employment time, and incur a loss of earnings into the future. Further, Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

15. Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

16. In addition to the above negligent acts, Defendants acted willfully, with malicious and conscious disregard to safety and health, and flagrantly in doing the things alleged, and were grossly negligent in the aforementioned particulars. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injuries, but did nothing to rectify them. Instead, Defendants had Plaintiff and others continue working. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm.

17. Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## **DAMAGES**

18. As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for treatment; such expense is still continuing and he is unable to state the full amount thereof.

19.     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a) physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b) future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c) physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e) loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment; and

(k) punitive and exemplary damages.

## **INTEREST**

20.     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## CONDITIONS PRECEDENT

21.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## JURY DEMAND

22.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23.     WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,
MORROW & SHEPPARD LLP

By: */s/ John D. Sheppard*
    John D. Sheppard (Attorney-In-Charge)
    Fed Bar No. 635193
    State Bar No. 24051331
    *jsheppard@morrowsheppard.com*
    Nicholas A. Morrow
    Fed Bar No. 611443
    State Bar No. 24051088
    *nmorrow@morrowsheppard.com*
    3701 Kirby Drive, Suite 840
    Houston, Texas 77098
    Tel:  713-489-1206
    Fax:  713-893-8370
    **COUNSEL FOR PLAINTIFF**