# KING KREBS & JURGENS PLLC

504.582.3800 main  201 St. Charles Avenue, 45th Floor
504.582.1233 fax  New Orleans, LA 70170

**R. Daniel Serio, Jr.**
Attorney at Law
dserio@kingkrebs.com
504.569.3315 Direct

August 15, 2016

<u>**VIA CM/ECF Filing**</u>
Judge George C. Hanks Jr.
United States District Court/Clerk of Court
Southern District of Texas / Galveston Division
601 Rosenberg, Sixth Floor
Galveston, Texas   77550

  Re: *Miloard Raicevic v. Wood Group PSN, Inc., et al*, No. 3:15-cv-00327,
    U.S. District Court, Southern District of Texas, Galveston Division

Dear Judge Hanks:

At the request of Fieldwood, the parties write for assistance with a discovery dispute and to request a conference.

This is a personal injury lawsuit regarding an alleged slip and fall on a fixed platform off the coast of Louisiana owned by Fieldwood Energy LLC ("Fieldwood"). Plaintiff, a 46 year old male, contends that after midnight on December 1, 2014 and in response to an alarm that he was required to respond to, he allegedly slipped on oil and/or liquid that had been leaking and spraying from, on information and belief, the compressor engine and related compressor components on the platform. Fieldwood's contends its first notice of any alleged incident / slip and fall regarding Plaintiff was the filing of this suit. Fieldwood's contends that on the morning of December 1, 2014, Plaintiff first reported to Fieldwood that he awoke with back pains and that he did not advise Fieldwood of any "slip and fall" that caused the back pain.  Plaintiff refutes these contentions, and further contends that leakage had been occurring for some time, and that this was reported on multiple occasions, but that the need to do repairs was ignored.  Fieldwood has refused to produce maintenance records besides those within a month of the incident (which comprises 2 sheets of paper).

Fieldwood propounded its discovery request on Plaintiff on May 13, 2016. *See* Exhibit 1 - Fieldwood's Interrogatories and Request for Production propounded on Plaintiff. On July 13, 2016, Plaintiff responded to Fieldwood's discovery request. *See* Exhibit 2 - Plaintiff's responses to Fieldwood's discovery.

In this lawsuit, Plaintiff is seeking damages for his personal injuries, including past and future lost wages. Therefore, a significant portion of Fieldwood's discovery requests seek information regarding Plaintiff's medical background and employment histories. See Exhibit 1- Interrogatories Nos. 5, 9, and 23, and Request for Production Nos. 2, 5, 10, 11, 14, 27 through

August 15, 2016

48. The Defendants have collectively demanded that Plaintiff sign dozens of authorizations regarding records held by third parties. On information, none of the authorizations are limited in time or scope. Fieldwood alone has requested that Plaintiff sign more than 20 authorizations, not limited in time or scope, and covering everything from all medical records for Plaintiff's life to all employment records for his life to all tax records for his life, as well as military, scholastic, driving, and other kinds of records. As to medical records, and although Fieldwood will only produce 1 month of maintenance records, Plaintiff has offered to produce medical information, including the execution of authorizations for medical information, for 5 years prior to the accident (December 1, 2014) through the present, and has offered to produce information relevant to the economic loss claim and character for 5 years prior to the incident through the present. 5 years of records is considerably greater than what Fieldwood has agreed to produce for its own records.

Fieldwood believes that Plaintiff's complete medical history is necessary for defendants to properly defend Plaintiff's lawsuit. Considering Plaintiff is a 46 year old that has worked offshore for at least 15 years, ten years of medicals will only cover 2/3 (at the least) of his offshore work history. Plaintiff contends that a five-year look back from the incident into private medical records is more than enough to understand his condition at the time of the incident.

Documents regarding Plaintiff's financial background, e.g. tax returns, Social Security Earnings Statements, etc. are relevant to this suit because Plaintiff is seeking damages for past and future lost wages. Plaintiff has offered to produce the relevant information for the 5 years prior to the incident through the present. It is Fieldwood's position that 10 years prior to the incident through the present would give the parties a better and more complete understanding of Plaintiff's financial condition at the time of the loss and further assist any retained economic loss experts for this matter.

On August 9, 2016 Dan Serio and John Sheppard participated in a Rule 37 Conference, lasting approximately one hour, in an attempt to amicably resolve this discovery dispute. Because the parties could not reach an agreement, Fieldwood now seeks Court intervention to rule on the proper scope of discovery in this matter.

A discovery hearing regarding Fieldwood's discovery responses in this matter is currently scheduled for August 17, 2016 at 3:00 p.m. For judicial efficiency purposes, Fieldwood requests the discovery issues presented in this letter be heard in combination with the August 17th hearing. Plaintiff is not opposed to this, should the Court's schedule permit both issues.

                    Very truly yours,

| R. Daniel Serio, Jr. | John Sheppard |
|---|---|
| Counsel for Fieldwood Energy, LLC | Counsel for Plaintiff |

RDS/jr

Enclosures