UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.: 3:15-cv-327 |
| | § | |
| *Versus* | § | |
| | § | |
| WOOD GROUP PSN, INC., ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

# PLAINTIFF'S BRIEF REGARDING THE APPLICABILITY OF FEDERAL STATUTES ON THE ISSUE OF NEGLIGENCE

Respectfully submitted,

MORROW & SHEPPARD LLP

*/s/ John D. Sheppard*

John D. Sheppard (attorney-in-charge)
State Bar No. 24051331
Fed Bar No. 635193
jsheppard@morrowsheppard.com
Nicholas A. Morrow
State Bar No. 24051088
Fed Bar No. 611443
nmorrow@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX 77098
Telephone:   (713) 489-1206
Facsimile:   (713) 893-8370

*Attorneys for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

I certify that on November 30, 2017 a true and correct copy of this document was served on all counsel of record registered with the Court's ECF filing system.

*/s/ John D. Sheppard*
John D. Sheppard

The Defendants contend that there are no applicable federal statutes that weigh on whether the Defendants' failed to meet the standard of care. However, the Defendants have previously acknowledged that federal regulations "may be relevant evidence in weighing a defendant's culpability[.]" MSJ filed August 15, 2017 at pg. 3 (quoting *Tajonera v. Black Elk Energy Offshore Operations*, 2015 WL 6758258, *17 (E.D. La. 2015)).

The Fifth Circuit has also recognized that while there is no independent cause of action for violation of federal regulations, "Louisiana law does recognize that applicable federal regulations may be relevant evidence in weighing a defendant's culpability." *Romero v. Mobil Exploration and Producing North America Inc.*, 939 F.2d 307, 311 (5th Cir. 1991); *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996 (5th Cir. 1998) ("[w]e see no reason, however, that appellants on retrial should be precluded from presenting the FARs [federal aviation regulations] to the jury as evidence of what a reasonable pilot would have done under the circumstances. Even if a violation of a regulation does not constitute negligence *per se*, failure to comply with a regulation may still provide evidence that the defendant deviated from the applicable standard of care.").

The Louisiana Supreme Court has also expressly allowed the consideration of federal statutes in weighing a defendant's negligence, even though a violation of the statute would not constitute negligence *per se*. *Dyson v. Gulf Modular Corp.*, 338 So.2d 1385, 1391 (La. 1976) ("Applicable federal regulations promulgated pursuant to the Occupational Safety and Health Act…prohibit operation of a crane of the type in question within ten feet of uninsulated high power lines…Though violation of this regulation does

not constitute negligence per se, the trial court properly could consider this regulation in weighing the defendants' negligence.").

The Defendants also claim that the federal statutes Plaintiff cites (and addressed below) pertaining to offshore operations on the Outer Continental Shelf do not apply to them. This is a bizarre position to take given the undisputed fact that the platform at issue is located in the Outer Continental Shelf and was owned and/or operated by the Defendants, and this position contradicts the clear language of the statutes as to their applicability.

Operations in the Outer Continental Shelf are closely regulated, including on matters of safety. As pertains to this case, there are at least three different sets of federal regulations that apply: 33 C.F.R. § 142 *et seq.*, 30 C.F.R. § 250 *et seq.*, and 30 C.F.R. § 282 *et seq.* Each of these statutory sections expressly provide that they apply to activities on the Outer Continental Shelf, and to owners and operators of platforms conducting such activities (which the Defendants indisputably are) as follows:

> 33 C.F.R. § 142.1: "This part is intended to promote workplace safety and health by establishing requirements relating to personnel, workplace activities and conditions, and equipment on the Outer Continental Shelf (OCS)."
>
> 33 C.F.R. § 142.4(b): "Persons responsible for actual operations, including owners, operators, contractors, and subcontractors, shall ensure that those operations subject to their control are conducted in compliance with workplace safety and health regulations of this part and, in addition, free from recognized hazards."
>
> …
>
> 30 C.F.R. § 250.101:
>
> > The Secretary of the Interior (Secretary) authorized the Bureau of Safety and Environmental Enforcement (BSEE) to regulate oil, gas, and

> Sulphur exploration, development, and production operations on the Outer Continental Shelf (OCS). Under the Secretary's authority, the Director requires that all operations:
> (a) Be conducted according to the OCS Lands Act (OCSLA), the regulations in this part, BSEE orders, the lease or right-of-way, and other applicable laws, regulations, and amendments…

30 C.F.R. § 250.105:

> "You means a lessee, the owner or holder of operating rights, a designated operator or agent of the lessee(s), a pipeline right-of-way holder, or a State lessee granted a right-of-use and easement."

…

30 C.F.R. § 282.1: " … The Secretary is authorized to prescribe and amend regulations that the Secretary determines to be necessary and proper in order to provide for the prevention of waste, conservation of the natural resources of the OCS…"

30 C.F.R. § 282.3 [Definitions]: "Lessee means the person authorized by a lease, or an approved assignment thereof, to explore for and develop and produce the leased deposits in accordance with the regulations in this chapter. The term includes all parties holding that authority by or through the lessee."

As has been briefed previously in connection with summary judgment motions, it is clear and should be undisputed that the Defendants meet the above-definitions of "owner," "operator," "owner or holder of operating rights," "designated operator," "person authorized by a lease…[and] all parties holding that authority by or through the lessee" to be subject to these federal regulations regarding drilling in the Outer Continental Shelf. Fieldwood was the owner of the platform. Exhibit A at 114:20-114:21 (Fontenot depo at 114:20-114:21). Fieldwood's role was not passive, it was also an operator of the platform. Exhibit A (Fontenot depo at 114:11-114:13). Wood Group, Island, and Shamrock were

5

also operators at the platform. Exhibit A (Fontenot depo at 114:25-115:11). Fieldwood made the choice to pay to have several companies operating the platform with it, instead of operating the platform solely on its own. Exhibit A (Fontenot depo at 111:6-112:3). It is an operator's duty to monitor and maintain a platform and check the safety systems as required by the government. Exhibit B (T. Olivier depo at 59:12-59:19). Operators are in charge of safety and compliance, maintaining production at the platform and keeping production flowing, and keeping up with regulatory requirements. Exhibit A (Fontenot depo at 115:24-116:25).

Although a violation of federal statutes regarding owners and operators may not constitute negligence *per se* under Louisiana law (because Louisiana does not recognize this independent cause of action), these federal regulations provide strong evidence that the jury can consider in determining whether the Defendants' conduct fell below the standard of care. Indeed, the Defendants failed to meet the foregoing standards (which as detailed above, apply to them):

> 33 C.F.R. § 142.4(b): "Persons responsible for actual operations, including owners, operators, contractors, and subcontractors, shall ensure that those operations subject to their control are conducted in compliance with workplace safety and health regulations of this part and, in addition, free from recognized hazards."
>
> 33 C.F.R. § 142.84: "All staging, platforms, and other working surfaces and all ramps, stairways, and other walkways must be kept clear of portable tools, materials, and equipment not in use and be promptly cleared of substances which create a tripping or slipping hazard."
>
> 30 C.F.R. § 250.107:
>
> > (a) You [defined above in Section 250.105 to include owners and operators] must protect health, safety, property, and the environment by:

6

> (1) Performing all operations in a safe and workmanlike manner; (2) Maintaining all equipment and work areas in a safe condition; (3) Utilizing recognized engineering practices that reduce risks to the lowest level practicable when conducting design, fabrication, installation, operation, inspection, repair, and maintenance activities; and (4) Complying with all lease, plan, and permit terms and conditions. (b) You must immediately control, remove, or otherwise correct any hazardous oil and gas accumulation or other health, safety, or fire hazard.
>
> 30 C.F.R. § 282.27: "(a) The lessee [defined above in Section 282.3 to include persons authorized to explore for leased deposits] by leases or those holding authority through the lessee] shall conduct all exploration, testing, development, and production activities and other operations in a safe and workmanlike manner and shall maintain equipment in a manner which assures the protection of the lease and its improvements, the health and safety of all persons, and the conservation of property, and the environment."

These regulations are pertinent and should be presented to the jury in the same manner as Federal Aviation Regulations are presented to the jury in airplane crash cases. *See, e.g., Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996 (5th Cir. 1998) ("[w]e see no reason, however, that appellants on retrial should be precluded from presenting the FARs to the jury as evidence of what a reasonable pilot would have done under the circumstances. Even if a violation of a regulation does not constitute negligence per se, failure to comply with a regulation may still provide evidence that the defendant deviated from the applicable standard of care.").

In the comments to the Joint Proposed Jury Charge, the Defendants cite to *Black Elk* and *Moss* for the proposition that some federal regulations do not apply to Defendants Wood Group, Island, or Shamrock—and implicitly acknowledge they *do* apply to platform

7

owner Defendant Fieldwood.  Yet even as to Wood Group, Island, and Shamrock, they do apply.  *Moss* and *Black Elk* pertain to whether contractors may be held jointly and severally liable for criminal charges for violating certain federal statutes.  *See, e.g., United States v. Moss*, 2017 WL 4273427 at *5 (5th Cir. 9/27/2017) ("This provision dictates the obligations of leaseholders and designated operators rather than the criminal liability of contractors.  Its text refers to those parties who are 'jointly and severally responsible,' a term of art reserved for civil rather than criminal liability….The government cites no cases demonstrating support for joint and several *criminal* liability.") (emphasis in original)(citing authorities).  Joint and several criminal liability is not the issue here.

For a similar reason, Defendants' reliance in the comments to the Joint Proposed Jury Charge on *Island Operating Co. v. Jewell*, No. 6:16-cv-00145, 2016 WL 7436665, 2016 U.S. Dist. LEXIS 178071 (W.D. La. Dec. 23, 2016) is also misplaced.  First, *Jewell* does not address all the statutes pertinent here, which clearly cover owners and operators.  Second, the issue there was who the federal government could penalize for particular statutory violations.  Regarding the particular statute at issue there, the answer was only the lease-holder (which in this case would be Defendant Fieldwood).  The case did not hold—and never would dangerously hold—that operators are free to violate such statutes without it being used as evidence they failed to abide by the reasonable standard of care.  The fact that the government's enforcement options are targeted to lease-holders in certain situations does not absolve platform owners in a civil context when their negligence and failure to abide by safety regulations severely injures a private citizen who has access to the courts for redress.

Owning and operating an offshore platform is not an area most members of the jury will immediately understand, and fortunately there are federal standards that help explain what is reasonable conduct.  These federal statutes are critical to the jury understanding what operators and owners are supposed to do and not do when operating and maintaining a platform.  They only reason the Defendants opposed their introduction in this case is that they were clearly violated.  If they had not been violated, Defendants would be pressing very hard to show that they complied with them.  The test for evidence, however, is not whether it helps you.  They are relevant and proper evidence, and should be included as evidence to the jury and given as an instruction.