UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MILORAD RAICEVIC          *
                              *
VERSUS                    *       CIVIL ACTION: 3:15-cv-327
                              *
WOOD GROUP PSN, INC., ET AL.    *

---

NOTE TO THE HONORABLE COURT: DUE TO A FORMATTING IRREGULARITY, THE REFERENCE TO ATTORNEY NAMES IN THE SIDE COMMENTS SHOULD BE IGNORED AS SOME OF THESE REFERENCES FLAG THE COMMENT TO THE WRONG COUNSEL OR PARTY. THE PARTIES APOLOGIZE FOR THIS IRREGULARITY, BUT THE NUMBER OF CONTRIBUTORS TO THE DOCUMENT CAUSED THE SOFTWARE TO ESSENTIALLY LOSE TRACK OF THE SOURCE OF SOME COMMENTS.

THE COMMENTS THEMSELVES IDENTIFY THE SOURCE OF THE COMMENT. TO EXPLAIN, AFTER THE ATTORNEY'S NAME, IT MIGHT SAY "PLAINTIFF OBJECTS" OR "DEFENDANTS' RESPONSE", OR VICE VERSA. THOSE REFERENCES ARE APPROPRIATE TO THE WORDS THAT FOLLOW, AND CORRECTLY NOTIFY THE COURT APPROPRIATELY WHOSE POSITION IS BEING SET FORTH IN THE COMMENT ITSELF.

IN ADDITION, THE PARTIES RECOGNIZED SHORTLY BEFORE FILING THAT THE BORROWED SERVANT INSTRUCTIONS NEEDED TO BE REVISED FROM QUESTIONS OF LAW TO PREDICATE QUESTIONS OF FACT, AND WILL SUBMIT PROPOSED QUESTIONS ON THE BORROWED SERVANT DOCTRINE NO LATER THAN DECEMBER 7, 2017.

### JOINT REQUESTED JURY CHARGES/INSUTRUCTIONS WITH OBJECTIONS NOTED

### AGREED PROPOSED JURY CHARGE NO. 1.[1]

INSTRUCTIONS FOR THE BEGINNING OF TRIAL

       Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

       There are certain rules you must follow while participating in this trial.

---

[1] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014) § 1.1.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**AGREED PROPOSED JURY CHARGE NO. 2** [2]

PRELIMINARY INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Black- berry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not

---

[2] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014) §1.2.

research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence.

After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

## **AGREED PROPOSED JURY CHARGE NO. 3** [3]

FIRST RECESS

      We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

---

[3] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014) §2.1.

**PROPOSED JURY CHARGE NO. 4**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.[4]

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.[5]

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.[6]

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.[7]

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendants in arriving at your verdict.[8]

Plaintiff, Milorad Raicevic, has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Mr. Raicevic has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.[9]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you

---

[4] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014) §3.1.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] *Id*.
[9] *Id*. at 3.2.

can draw from the facts and circumstances that have been proven.[10]

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.[11]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.[12]

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.[13]

Exhibit [specify] is an illustration. It is a party's model used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.[14]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.[15]

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.[16]

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses

[10] *Id.* at 3.3.
[11] *Id.*
[12] *Id.* at 3.6.
[13] *Id.* at 2.7
[14] *Id. at 2.8*
[15] *Id.* at 3.4.
[16] *Id.*

testified to the contrary, if after considering all of the other evidence, you believe that witness.[17]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.[18]

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[19]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.[20]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.[21]

In determining the degree of credibility that can be afforded to Mr. Raicevic's testimony, you are entitled to take into consideration the fact that he is the Plaintiff and that he has a very keen personal interest in the result of your verdict. You may also consider the importance to the Plaintiff, Mr. Raicevic, of the outcome of the trial and of his motive for testifying as he did.[22]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.[23]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not

---

[17] *Id.*
[18] *Id.* at 2.11.
[19] *Id.*
[20] *Id.* at 2.13.
[21] *Id.* at 3.5.
[22] §3.4, "Witnesses", Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014); *United States v. Haney*, 429 F.2d 1282 (5th Cir. 1970).
[23] *Id.* at 2.6

give up on your honest beliefs because the other jurors think differently, or just to finish the case.[24]

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.[25]

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.[26]

Your verdict must be unanimous. After you have reached a verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.[27]

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.[28]

You may now proceed to the jury room to begin your deliberations.[29]

---

[24] *Id.* at 3.7.
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1:** [30]

The basic law in Louisiana on this kind of case states that "every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The word "fault" is a key word. "Fault" means acting as you should not have acted or failing to do something which you should have done. The law regards those actions as being below the standard which applies to the defendant's activities. [31]

The law also provides that:

"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." [32]

The law further provides that:

"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." [33]

The standard which the law applies to the defendant's actions will change according to the surrounding circumstances. These standards are sometimes set by the legislature in statutes, and sometimes they are set by the courts. At the end of the trial, I will tell you the standards which apply to the defendant's conduct in this particular suit, and you will have to accept those standards. Your job will then be to decide whether the plaintiff has proved that it is more likely true than not true that the defendant's actions fell below those standards. In legal terms, that would mean that the defendant is "at fault." In this particular case, the plaintiff says that the defendant has committed the kind of fault that the law calls "negligence." But this is only one of the parts of Milorad Raicevic's case, and in order to succeed, Milorad Raicevic must establish all of the essential parts of his case. Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will get at the end of these instructions and that you will take with you to fill out as a part of your deliberations. The other parts of the Milorad Raicevic 's case are: [34]

(1) that the injury Milorad Raicevic suffered was, in fact, caused by the conduct of the defendant; and [35]

(2) that there was actual damage to the Milorad Raicevic's person or his property. [36]

---

[30] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014; *see also* Louisiana Civil Code Article 2315.  Supreme Court of Louisiana Rule 44 can be found at https://www.lasc.org/rules/supreme/RuleXLIV.asp

[31] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

[32] Louisiana Civil Code Article 2316

[33] Louisiana Civil Code Article 2320

[34] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

[35] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

[36] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

The plaintiff must establish that all of these essential parts of his case are more likely true than not. Questions addressed to all of these parts of the case will be given to you in the "verdict form" that you will receive at the end of the case and that you will take with you to fill out as a part of your deliberations.[37]

When I say that the plaintiff has to prove that the defendant's actions were a cause of his injury, I don't mean that the law recognizes only one cause of an injury.[38]

You will have to decide, as to each defendant, whether his conduct was a contributing factor in causing this incident. To make this determination, you should consider whether it is more likely than not that the defendant's conduct created a force or series of forces which remain in continuous and active operation up to the time of the harm.[39]

The next part of the plaintiff's case that you'll have to consider is whether the defendant's actions were below the standard required under the law for his actions. In this case, the basic standard is that the defendant should have acted as a reasonably prudent person would have acted under the same or similar circumstances. The standard of care is not that of an extraordinarily cautious individual or an exceptionally skilled person, but rather that of a reasonably prudent person acting in the same or similar circumstances.[40]

A reasonably prudent person will avoid creating an unreasonable risk of harm. In deciding whether the defendant violated this standard of conduct, you should weigh the likelihood that someone might have been injured by his conduct and the seriousness of that injury if it should occur against the importance to the community of what the defendant was doing and the advisability of the way he was doing it under the circumstances.[41]

A reasonably prudent person will normally obey the statutes that apply to his conduct. But in exceptional circumstances, even a violation of a statute might nonetheless be reasonable conduct. You will have to consider, in light of all the circumstances, whether a reasonably prudent person in the defendant's situation would have violated the statute.[42]

Federal law further provides that owners and operators conducting oil and gas exploration development on the Outer Continental Shelf where the MP153B was must protect health, safety, property, and the environment by:

(1) Performing all operations in a safe and workmanlike manner; (2) Maintaining all equipment and work areas in a safe condition; (3) Utilizing recognized engineering practices that reduce risks to the lowest level practicable when conducting design,

---

[37] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[38] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[39] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[40] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[41] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[42] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

fabrication, installation, operation, inspection, repair, and maintenance activities; and (4) Complying with all lease, plan, and permit terms and conditions.[43]

Federal law further provides that owners and operators conducting oil and gas exploration development on the Outer Continental Shelf:

 [M[ust immediately control, remove, or otherwise correct any hazardous oil and gas accumulation or other health, safety, or fire hazard.[44]

Federal law further provides that owners, operators, and contractors working on the Outer Continental Shelf must comply with the following rules:

Persons responsible for actual operations, including owners, operators, contractors, and subcontractors, shall ensure that those operations subject to their control are conducted in compliance with workplace safety and health regulations of this part and, in addition, free from recognized hazards.

…

All staging, platforms, and other working surfaces and all ramps, stairways, and other walkways must be kept clear of portable tools, materials, and equipment not in use and be promptly cleared of substances which create a tripping or slipping hazard.[45]

Federal law further provides that those exploring for natural resources on the Outer Continental Shelf must:

conduct all exploration, testing, development, and production activities and other operations in a safe and workmanlike manner and shall maintain equipment in a manner which assures the protection of the lease and its improvements, the health and safety of all persons, and the conservation of property, and the environment."[46]

---

[43]  30 C.F.R. § 250.107; 30 C.F.R. § 250.101; 30 C.F.R. § 250.105
[44]  30 C.F.R. § 250.107; 30 C.F.R. § 250.101; 30 C.F.R. § 250.105
[45] 33 C.F.R. § 142.1; 33 C.F.R. § 142.4(b); 33 C.F.R.  § 142.84
[46] 30 C.F.R. § 282.1; 30 C.F.R. § 282.3; 30 C.F.R. § 282.27

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO 1:

The law applicable to Plaintiff's claim depends on the nature of that claim. This is a suit seeking damages for injury caused by the act of another. Under Louisiana's Civil Code such an act is called an offense or quasi-offense and the suit is generally known as a tort suit.

In this case, the activity in question is the custody of a thing, namely the VRA compressor on the Main Pass 153B platform ("Compressor") which Plaintiff claims was in the custody of the Defendant(s) and as to which Plaintiff claims the Defendant(s) knew or should have known of the presence of a defect that caused harm to the Plaintiff. The Civil Code, in Articles 2317 and 2317.1, provides a standard applicable to this activity:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.

> The owner(s) or custodian(s) of a thing is(are) answerable for damage occasioned by its ruin, vice or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Under this standard, Plaintiff must prove that:

(a) The thing in question was in the custody of the Defendant(s);
(b) The thing in question was defective, i.e., that it posed an unreasonable risk of harm;
(c) The Defendant(s) knew or, in the exercise of reasonable care, should have known of this defect;
(d) The damage could have been prevented by the exercise of reasonable care, and the Defendant(s) failed to exercise such reasonable care; and
(e) He was damaged as a result of this defect.

If Plaintiff proves these five things by a preponderance of the evidence, the person(s) in custody of the thing in question can escape liability only if he shows the harm was caused solely by the fault of the victim, by the fault of the third person, or by an irresponsible force.[47]

When I say that the thing in question had to be in the custody of the Defendant(s), I mean either that he was the owner of it, or was in a position to exercise supervision or control over it, and to draw benefit from it. [48]

When I say that a defect in a thing creates an unreasonable risk of harm to others, I mean that the likelihood that harm might occur and the seriousness of such harm if it did happen

---

[47] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:1 (3d ed. 2016).
[48] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:2 (3d ed. 2016).

outweighs the importance to society of the custody of the thing and the way the owner(s) or custodian(s) has(have) chosen to maintain the thing under the circumstances. This means that you are to weigh the magnitude of the possible harm against the utility of custody of the thing under all the prevailing circumstances.[49]

I've told you that in deciding whether the thing presented an unreasonable risk of harm, you must balance the likelihood and severity of the harm against the utility of the Defendant's(s') ownership and maintenance of the thing. In making this balance, you should consider the utility of the entire thing, and not merely the utility of the condition or area of the thing which may have caused the harm. For example, a street will have utility, but a pothole in the street will not.

In determining the likelihood of harm in your deliberations, you should consider whether plaintiff is or should be familiar with the risk of harm inherent in the thing, even prior to his injury.[50]

In deciding the utility of the ownership of the thing in question, and in particular the burden on the owner to take adequate precautions, you should consider the burden of taking such precautions in all similar situations, and not simply the burden of such precautions at the specific time and place of the accident.[51]

The fact that a thing has a "flaw" or presents a hazard does not necessarily mean that it creates an unreasonable risk of harm.  Plaintiff has to prove that there was an unreasonable risk of harm, according to the principles that I have explained to you.[52]

One of the defenses which a person in custody of a thing which poses an unreasonable risk of harm can raise is that the injured person was himself at fault and thereby helped cause his own injury. If you conclude that the Plaintiff's conduct in this incident was below the standard of behavior we would normally expect of a reasonably prudent person and that his conduct helped to cause his injury, then you must assign a percentage of responsibility to the Plaintiff according to the instructions that I will give you.

The Defendant(s) has(have) to prove this defense and has(have) to convince you by a preponderance of the evidence that the Plaintiff acted in the manner I have just described.

If the Defendant(s) do(es) prove that, then you should allocate responsibility in this matter between the Plaintiff and the Defendant(s) by comparing the causal effect of Plaintiff's conduct with the causal effect of Defendant's(s') activity or thing for which he is (they are) responsible. The percentages of responsibility should be determined on the basis of the extent to which each of them contributed to the damages which Plaintiff suffered. In other words, what

---

[49] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:4 (3d ed. 2016).
[50] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:7 (3d ed. 2016).
[51] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:8 (3d ed. 2016).
[52] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:9 (3d ed. 2016).

percentage of Plaintiff's injuries were caused by his own conduct and what percentage was caused by defendant's activity or the thing of which he had custody?[53]

Because the Plaintiff was a person engaged to repair the problem, you may also consider, in your determination of whether the risk presented was unreasonable, some factors particularly pertinent to his status and his work, such as the knowledge that he had about the problem, how reasonable it was to assume that he was aware of the particular risks presented, his ability to minimize the risks, and the incentive of the owner to repair the problem.[54]

The failure to warn a person of a danger which he himself knows of, or should know of, considering his training, experience, and intelligence, does not constitute negligence. The Defendant(s) are entitled to assume that the Plaintiff would use ordinary care for his own safety. Thus, the Defendant(s) had no duty to warn Plaintiff of an obvious danger, or one which became obvious, or which should have become obvious to a person exercising ordinary care under the circumstances. The obviousness and apparentness of a potentially dangerous condition are relevant factors to be considered under Louisiana's duty-risk analysis. If you find that the facts of this case show that the condition complained of by Plaintiff should be obvious to all, the condition may not be unreasonably dangerous and the Defendant(s) may owe no legal duty to the Plaintiff.[55]

---

[53] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:10 (3d ed. 2016).
[54] 18 La. Civ. L. Treatise, Civil Jury Instructions § 6:13 (3d ed. 2016).
[55] *Marin v. Myers*, 665 F.2d 57 (4th Cir. 1981), *cert. denied*, 456 U.S. 906, 102 S.Ct. 1752 (1982); *Shelton v. Aetna Cas. & Sur. Co.*, 334 So.2d 406 (La. 1976); *USF&G v. Hi-Tower Concrete Pumnina*, 574 So.2d 424, 435-36 (La. App. 3d. Cir.), *writ denied*, 578 So.2d 136, 137 (La. 1991); *Stewart v. Dixilyn-Field Drilling*, 552 So.2d 710, 713 (La. App. 3d Cir. 1989); *Pitre*, 673 So.2d at 591 (*citing Soccoro v. City of New Orleans*, 579 So.2d 931, 942 (La. 1991), and *Murray v. Ramada Inns, Inc.*, 521 So.2d 1123, 1137 (La. 1988)).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2:[56]**

The plaintiff has the burden of proving the following elements by a preponderance of the evidence, which means that the facts the plaintiff is seeking to prove are more likely true than not true. He has to demonstrate:[57]

(1) that the injury which he says he suffered was caused in whole or in part by the conduct of the defendant;[58]

(2) that the conduct of the defendant was below the standards which I have told you are applicable to the defendant's conduct; and[59]

(3) that there was damage to the plaintiff's person or his property.[60]

If you believe that the plaintiff has established that these three elements are more likely true than not true, then the plaintiff is entitled to recover and you should return a verdict for the plaintiff. If the plaintiff has failed to establish that these three elements of his case are more likely true than not true, then you should return a verdict for the defendant.[61]

If the defendant contends that the plaintiff was at fault as well and his fault contributed to his own injury, then the defendant must persuade you that it is more likely true than not true that the plaintiff was at fault.[62]

You can assign any percentage of fault to the plaintiff or to any or all of the defendants that you want, but the total of all of the percentages must be 100%. If you're persuaded by the defendant's evidence that the only reason the plaintiff was injured was because of the plaintiff's own sub-standard conduct, you may return a verdict for the defendant in response to the questions on the verdict form by assigning 100% fault to the plaintiff. If the defendant does not persuade you that the plaintiff was at fault and the plaintiff has otherwise proved his case as I have described to you, then you should return a verdict for the plaintiff without assigning any percentage of fault to the plaintiff.[63]

If you decide to return a verdict for the plaintiff, then you should award an appropriate amount of money to the plaintiff according to the instructions which I have given you on the subject of damages.[64]

You may not decide on a percentage of fault or an amount of damages by agreeing in advance to an average of various amounts suggested by individual jurors. You must reach these

---

[56] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[57] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[58] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[59] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[60] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[61] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[62] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[63] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014
[64] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

conclusions by your own independent consideration and judgment. All of you must ultimately agree on the percentage or the amount in question, or on a denial of an award altogether.[65]

---

[65] Supreme Court of Louisiana Rule 44 prescribing mandatory instructions, effective October 14, 2014

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2:

If you decide that the Plaintiff has established the first two elements of his case, then you must decide whether the Defendant(s) has(have) proved the plaintiff has failed to conduct himself in accordance with the standard expected of *him*, and has thereby contributed to his own injury. [It is the law of Louisiana that the recovery of an injured person who has contributed to his own injury by his own sub-standard conduct must be reduced by the percentage of fault attributable to him.]

In this case, the standard applicable to the Plaintiff's conduct is the requirement that he exercise that degree of care which we might reasonably expect a person to exercise for his own safety and protection. On this issue the *Defendant(s)* has(have) the burden of proof. In other words, the Defendant(s) has(have) the burden of establishing, by a preponderance of the evidence, the Plaintiff failed to conform to that standard and by that failure contributed to his own injury. If the Defendant(s) convinces you of that, then you must assign a percentage of fault to the Plaintiff's conduct according to the instructions that I will give you.

In deciding the question of Plaintiff's fault, as it is called in the law, you may ask yourselves this question: "Should the Plaintiff as an ordinarily prudent person, under all the circumstances surrounding his conduct, have reasonably foreseen some such injury as he suffered as a result of his conduct, and did he fail to exercise reasonable care to avoid such injury to himself?"

If the Defendant(s) does(do) not convince you that the Plaintiff was also at fault, and the Plaintiff has otherwise proven his case by a preponderance of the evidence, then you should return a verdict for the Plaintiff without assigning any percentage of fault to him.

If you conclude that both the Defendant(s) and the Plaintiff were negligent, and that the negligence of each was a proximate cause of the accident and Plaintiff's injuries, then you must assign percentages of fault to each one. In determining those percentages, you may consider both the nature of the negligent conduct and the extent of the causal relation between the conduct and plaintiff's injuries.

When I say "the nature of the negligent conduct," I mean that you may consider: (1) whether the conduct resulted from inadvertence or rather involved an awareness of the danger involved; (2) how great the risk created by the person's conduct was; (3) the importance of what was sought by the conduct; (4) the physical and mental capacities of the person, either ordinary or perhaps superior or inferior; and (5) any extenuating circumstances which might have required that party to act in haste, without proper thought.

When I say "the extent of the causal relation" between the conduct and the injuries, I mean that you may consider the extent to which that party's conduct contributed to the happening of the accident and Plaintiff's injuries.

Louisiana law requires that you divide the total responsibility for this incident among all those who were proven to be involved in it whether they are actually parties to this suit or not. You should do this by assigning percentages of fault to the various involved persons which will total 100%. You are free to assign whatever percentage you feel appropriate, and you should do

so by answering the following questions, which will be provided to you on a special verdict form.[66]

You are instructed that if the Plaintiff had a choice of two ways of performing his job in this case, one of which was safe and one of which was unsafe, and he chose the unsafe way, then you may find that Plaintiff was guilty of comparative negligence. Plaintiff had a duty to look out for his own safety. Accordingly, if he failed to perform his job safely, then you may find he was comparatively negligent.[67]

In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a non-party, and regardless of the person's insolvency, ability to pay, immunity by statute… or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributed to the person suffering the injury, death, or loss. If Plaintiff's injury was caused entirely by his own negligence, he is not entitled to recover damages from the Defendant(s).[68]

[66] §3.2, "Burden of Proof: Preponderance of the Evidence", Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014); 18 La. Civ. L. Treatise, Civil Jury Instructions § 5:1 (3d ed. 2016).; *Haas v. Atlantic Richfield*, 799 F.2d 1011, 1015-16 (5th Cir. 1986); *Cunningham v. Hardy Oil & Gas USA, Inc. and Diamond Offshore*, Civil Action No. 96-1577 (W.D. La.) (Adaptation of charge given by Judge James Trimble in cited case); *Savoy v. Martiny Warehouse, Inc.*, 539 So.2d 884 (La. App. 4th Cir. 1989) citing *Chatelain v. Project Square 221*, 505 So.2d 177 (La. App. 4th Cir. 1987); *see also Baugh v. Redmond*, 565 So.2d 953 (La. App. 2nd Cir. 1990) and *Lloyd v. TG&Y Stores Co.*, 556 So.2d 629 (La. App. 2nd Cir. 1990).
[67] *Waggoner v. Shell Oil Co.*, 707 F.2d 167 (5th Cir.1983); *Brown v. White*, 405 So.2d 555, 559-60 (La. App. 4th Cir. 1981); *Richards v. Farmers Expert Co.*, 377 So.2d 859 (La. App. 4th Cir. 1979).
[68] *Watson v. State Far, Fire & Casualty Co.*, 469 So.2d 967 (La. 1985); *Keel v. Greenville Midstream Service, Inc.*, 321 F.2d 903 (5th Cir. 1963); *Allen v. Rawlins*, 95-1592 (La.App. 4 Cir. 2/11/96); 669 So.2d 1282; La. Civ. Code Art. 2323.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3:[69]**

By way of defense to the Plaintiff's claim, the Defendants contend in this case that the Plaintiff did not have an accident. The Defendants deny that there was any negligence on their part which proximately caused any injury or damage to the Plaintiff. The Defendants contend that if you find there was an accident, and if the accident was caused by negligence on the part of anyone, it was the negligence of the Plaintiff himself which was the sole – the only – proximate cause of the accident, and of any consequent injury or damage to the Plaintiff.

Unless you find that the negligence of one or more of the Defendants was the proximate cause of the accident, your verdict must be for the Defendants. If the negligence of the Plaintiff was the sole – the only – proximate cause of the accident, then the Plaintiff is not entitled to recover from the Defendants and your verdict must be for the Defendants. In other words, if you are convinced by the Defendants' evidence that the only reason the Plaintiff was injured was because of his own sub-standard conduct, you may return a verdict for the Defendants in your responses to the questions I will give you by assigning 100% responsibility for Plaintiff's injuries to Plaintiff.

---

[69] §3.2, "Burden of Proof: Preponderance of the Evidence", Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2014); Federal Jury Practice Instructions, Devitt, Blackmar, Wolff & O'Malley, §95.29 (4th ed., 1987) 18 La. Civ. L. Treatise, Civil Jury Instructions § 5:3 (3d ed. 2016); *Bourque v. Essex Ins. Co.,* 12-0810 (La. 06/15/12); 90 So. 3d 1031.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4:[70]

When an accident results from two acts of negligence, one more remote and one occurring later, the occurrence of the later act prevents the finding of liability for the person responsible for the more remote act. The subsequent action of the other persons or entities are intervening acts of negligence which the law regards as superseding the negligent act of the first person who acted.

Therefore, even if you find that one or more of the Defendants were negligent, you must still consider whether but for Plaintiff's actions his injuries would have occurred. If you find that one or more of the Defendants were negligent, but that this negligence was more remote than Plaintiff's negligence, then you may find that Plaintiff's negligence superseded the negligence of the Defendant(s), and return a verdict for the Defendants.

---

[70] 18 La. Civ. L. Treatise, Civil Jury Instructions § 3.25 (3d ed. 2016); *Graham v. Amoco Oil Co.*, 21 F.3d 643 (5th Cir. 1994).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5:**[71]

The Defendants claim at all times pertinent to the platform operations at issue in this case, Plaintiff was the borrowed employee of Fieldwood Energy.

In addition, Wood Group, Island, and Shamrock also claim certain of their employees were the borrowed employees of Fieldwood Energy.

In considering whether any person was the borrowed employee of Fieldwood Energy, there are nine separate factual inquiries you should consider in determining borrowed employee status. They are as follows:

1.  Who has control over the employee and the work he is performing, beyond mere suggestion of details or cooperation?

2.  Whose work is being performed?

3.  Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer?  Contracts are not controlling on this factor. Instead you must look to actual practices on the job site.[72]

4.  Did the employee acquiesce in the new work situation?

5.  Did the original employer terminate his relationship with the employee?  This factor does not require an employer to terminate its relationship with the borrowed employee, but merely that the original employer exercises minimal involvement with day-to-day assignments. [73]

6.  Who furnished tools and place for performance?

7.  Was the new employment over a considerable length of time?

8.  Who had the right to discharge the employee?  This inquiry does not rest upon who can hire or fire a person, but who can remove him from a job site.[74]

9.  Who had the obligation to pay the employee?  The relevant inquiry here is what entity furnished the funds to pay the borrowed employee as opposed to what entity issues payment.[75]

---

[71] *Ledet v. Quality Shipyards, Inc.*, 615 So.2d 990 (La. App. 1st Cir. 1993); see also *Fanguy v. Dupre Bros. Construction Co., Inc.*, 588 So.2d 1251 (La. App. 1st Cir. 1991); *Hall v. Equitable Shipyard, Inc.*, 95-1754 (La. App. 4th Cir. 2/29/96); 670 So.2d 543; *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969); *Viator v. Gordon's Trucking Co.*, 875 F.2d 369 (U.S.D.C., W.D.La. 1995).

[72] *Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988) *amended,* 841 F.2d 572 (5th Cir. 1988).

[73] *Foreman v. Danos and Curole Marine Contractors, Inc.*, 722 So.2d 1, 6-7 (La.App. 1st Cir. 1998).

[74] *Truitt v. B&G Crane Service*, 165 So. 2d 874, 877 (La.App. 4th Cir. 1964).

[75] *Melancon*, 834 F.2d. at 1246.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6:**

If you decide that the plaintiff has established the other elements of his case by a preponderance of the evidence, and the defendant has failed to establish a defense which would prevent plaintiff from recovering an award for his injuries, you must decide the question of whether there has been damage to his person or his property and if so, the amount of that damage.[76]

In this regard, I recall to your attention the words of Article 2315 of our Civil Code:[77]

> Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

This article, and our law, suggest simple reparation, a just and adequate compensation for injuries. It suggests no idea of revenge or punishment. Accordingly, our law does not permit the awarding of damages to punish the defendant, or make an example of him to prevent other accidents, and you should include no such amount in your award. Your award should be designed to fully and fairly compensate the plaintiff for his injury, if you find one has occurred, and should not go beyond such reparation.[78]

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate the plaintiff for damages he has already suffered, and that he will in all likelihood suffer in the future. In estimating such damages, you may take into consideration the following elements:[79]

(1) physical injury suffered;
(2) pain and suffering, both physical and mental;
(3) loss of enjoyment of life;
(4) permanent disability, if any;
(5) loss of earnings, if any, both past and future;
(6) medical expenses, both past and future.

Like other parts of the plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the plaintiff might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty. You may, if you wish, take into account the decreasing value of the dollar in today's market.[80]

---

[76] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).
[77] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).
[78] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).
[79] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).
[80] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the plaintiff. Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.[81]

An injured person may recover all expenses for treatment related to the conduct that caused the injury, even if the charges or treatment were excessive, unless it is shown that the patient was at fault for accepting the treatment. Excessive medical charges or treatments that are causally related to the Defendants conduct and not to plaintiff's fraud are assessed to the Defendants.[82]

In determining any award that you might make for past wage loss, you should consider the evidence presented to you on that issue. Any award which you may make should be based on plaintiff's gross income, that is his earnings before deductions for income taxes, social security and so forth—not on what we generally call his "take-home pay."[83]

The amount of damages for an item such as loss of future wages is necessarily speculative and cannot be calculated with mathematical certainty. However, if you feel that such damages should be awarded, you should exercise your discretion in considering all the circumstances and award an amount that is just to both litigants and not unduly oppressive to either.[84]

In determining such an award, you may consider plaintiff's physical condition before and after this incident, his work record, his earnings in prior years, the probability or unprobability that he would have earned similar amounts in the remainder of his work life, and similar factors.[85]

Since, if you make such an award, plaintiff would be receiving today sums of money that otherwise he would only receive over a number of years in the future, the law requires that you "discount" or reduce to its present value the amount of the future loss you might otherwise award. In simple terms, this is a reduction by the amount of money, or interest, which this smaller sum of money will earn for plaintiff over the period of time in which he would have been

---

[81] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016)
[82] *See Dauzat v. Canal Ins. Co*, 692 So.2d 739, 747-748 (La. App. 3 Cir. 1997)
[83] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:6 (3d ed. 2016)
[84] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed. 2016)
[85] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed. 2016)

earning these future wages. You should list this "discounted" figure as your award for future wage loss, if you make such an award.[86]

In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.[87]

However, plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find that plaintiff would have faced this aggravation of his condition whether this incident happened or not, then plaintiff is not entitled to damages or that portion of his claim, since the defendant is not responsible for the normal and natural results of plaintiff's prior condition.[88]

The injured person's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.[89]

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering. You are permitted to consider such consequences as a part of the general damages which you may award. By "mental distress and anguish," I mean substantial worry or concern, grief and the like.[90]

Plaintiff has claimed as a part of his damages that he has suffered loss of enjoyment of life in addition to the other physical and mental damages that he asserts. As with all other aspects of damage claims, you have much discretion as to whether any such damages should be awarded, and in what amounts. In this connection, you may take into account plaintiff's interests and way of life and the extent to which he may have suffered damage with respect to it which is separate from his other physical and mental damages.[91]

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.[92]

---

[86] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed. 2016)
[87] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:10 (3d ed. 2016)
[88] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:10 (3d ed. 2016)
[89] *Housley v. Cersie,* 579 So.2d 973, 980 (La. 1991)
[90] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:12 (3d ed. 2016)
[91] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:17 (3d ed. 2016)
[92] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016)

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6:

If you decide that the Plaintiff has established the other elements of his case by a preponderance of the evidence, and the Defendants have failed to establish a defense which would prevent plaintiff from recovering an award for his injuries, you must decide the question of whether there has been damage to his person or his property and if so, the amount of that damage.[93]

In this regard, I recall to your attention the words of Article 2315 of our Civil Code:[94]

> Every act whatever of man that causes damage to another, obliges
> him by whose fault it happened to repair it.

This article, and applicable law, suggest simple reparation, a just and adequate compensation for injuries. The applicable law does not permit the awarding of damages to punish the Defendant(s), or make an example of him to prevent other accidents, and you should include no such amount in your award. Your award should be designed to fully and fairly compensate the Plaintiff for his injury, if you find one has occurred, and should not go beyond such reparation.[95]

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done. You must arrive at a figure that will fairly and adequately compensate the Plaintiff for damages he has already suffered, and that he will in all likelihood suffer in the future.[96]

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.[97]

In estimating such damages, you may take into consideration the following elements:[98]

(1)  physical injury suffered;

(2) pain and suffering, both physical and mental;

(3) loss of enjoyment of life;

---

[93] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).
[94] *Id.*
[95] *Id.*
[96] *Id.*
[97] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2006) § 15.2.
[98] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed. 2016).

(4) permanent disability, if any;

(5) loss of earnings, if any, both past and future;

(6) medical expenses, both past and future.

Like other parts of the Plaintiff's case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the Plaintiff might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which Plaintiff has proved are more probable than not, even though they cannot be computed with mathematical certainty. You may, if you wish, take into account the decreasing value of the dollar in today's market.[99]

As I have mentioned to you, there is no practical way to introduce evidence as to the general damages which Plaintiff claims for pain and suffering and for mental distress. There is no precise standard to fix these damages or assign some kind of value to them. You are not trying to determine value, but your job is to determine an amount that will be fair and just on the basis of evidence of Plaintiff's injury and treatment that you have heard, and that will fairly compensate plaintiff for any damage he may have suffered.[100]

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.[101]

If you find the Defendant(s) is(are) liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find the Defendant(s) proved by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.[102]

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant(s) has(have) the burden of proving the damages that the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether

---

[99] *Id.*

[100] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2006) § 15.3; 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:4 (3d ed. 2016).

[101] Pattern Jury Instructions, Civil Cases, U.S. Fifth Circuit District Judges Association (2006) § 15.5.

[102] *Id.*

the Defendant(s) has(have) satisfied his(their) burden of proving the Plaintiff's conduct was not reasonable.[103]

In determining any award, you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical, nursing and hospital care and treatment which was or will be reasonable and necessary for Plaintiff's condition.[104]

In order for Plaintiff to recover for past medical expenses, Plaintiff must prove, more probably than not, the medical treatment was necessitated by trauma suffered in the accident.[105]

Future medical expenses must be established with some degree of certainty. In order to recover such damages, Plaintiff must show, by a preponderance of the evidence, the probability of these future medical expenses with supporting medical testimony and estimations of their probable cost. Awards will not be made in the absence of medical testimony that the expenses are indicated and that sets out the probable cost. An award of future medical expenses cannot be based on the mere speculation of the jury.[106]

In your consideration of the items of damage, you should bear in mind that under the law the one liable or responsible for an accident must take the injured person as he finds him, and is responsible for all the natural and probable consequences of his wrong, even though they are more serious or harmful by reason of a pre-existing condition, physical defect or weakness of the injured person. If the accident results in aggravation of a previous condition of disability or of pain of the injured person, the one responsible is liable both for the aggravation of the pre-existing condition and for any new injuries resulting from the accident.

However, plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find that plaintiff would have faced this aggravation of his condition whether this incident happened or not, then plaintiff is not entitled to damages or that portion of his claim, since the defendant is not responsible for the normal and natural results of plaintiff's prior condition.

An injured person is entitled to recover full compensation for all damages that proximately result from a defendant's tortious act, even if some or all of the injuries might not have occurred but for the plaintiff's pre-existing physical condition, disease, or susceptibility to injury.[107]

---

[103] *Id.*

[104] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:5 (3d ed., 2016).

[105] *Este v. State Farm Insurance Companies*, 96-99 (La.App. 3 Cir. 7/10/96); 676 So.2d 850; *White v. Longanecker*, 637 So.2d 1213 (La.App. 1st Cir. 1994)

[106] *Berry v. Auto-Owners Insurance Company*, 634 Fed. Appx. 960, 964 (5th Cir. 2015); *Menard v. Lafayette Ins. Co.*, 31 So. 3d 996, 1006 (La. 2010); *Este v. State Farm Insurance Companies*, 96-99 (La.App. 3 Cir. 7/10/96); 676 So.2d 850; *Boothe v. New Orleans Public Service Inc.*, 477 So.2d 620 (La.App. 4th Cir. 1984).

[107] *Williams v. Stewart*, 46 So.3d 266, 272 (La. App. 4 Cir. 2010, writ denied, 52 So.3d 905 (La. 2011).

The injured person's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.[108]

However, plaintiff must prove by a preponderance of the evidence (1) the prior existing condition and (2) the extent of the aggravation. If you find Plaintiff would have faced this aggravation of his condition whether this incident happened or not, then Plaintiff is not entitled to damages or that portion of his claim, since the Defendant is not responsible for the normal and natural results of Plaintiff's prior condition.[109]

The amount of damages for an item such as loss of future wages is necessarily speculative and cannot be calculated with mathematical certainty. However, if you feel that such damages should be awarded, you should exercise your discretion in considering all the circumstances and award an amount that is just to both litigants and not unduly oppressive to either.[110]

In determining such an award, you may consider Plaintiff's physical condition before and after this incident, his work record, his earnings in prior years, the probability or unprobability that he would have earned similar amounts in the remainder of his work life, and similar factors.[111]

The phrase "work-life expectancy" literally reflects its meaning: the average number of years that a person of a certain age will both live *and* work. Such an average is not conclusive. It may be shown by evidence that a particular person, by virtue of his health or occupation or other factors, is likely to live *and* work a longer, or shorter, period than the average.[112]

Because, if you make such an award, Plaintiff would be receiving today sums of money that otherwise he would only receive over a number of years in the future, the law requires that you "discount" or reduce to its present value the amount of the future loss you might otherwise award. In simple terms, this is a reduction by the amount of money, or interest, which this smaller sum of money will earn for Plaintiff over the period of time in which he would have been earning these future wages. You should list this "discounted" figure as your award for future wage loss, if you make such an award.[113]

In determining this "discount" factor, you may consider the evidence of the experts who have testified on this issue.[114]

---

[108] Housley v. Cersie, 579 So.2d 973, 980 (La. 1991)

[109]  18 La. Civ. L. Treatise, Civil Jury Instructions § 18:10 (3d ed., 2016).

[110] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed., 2016).

[111] *Id.*

[112] *DePerrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 361 (5th Cir. 2016); *Barto v. Shore Const., L.L.C.*, 801 F.3d 465, 475 (5th Cir. 2015); *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478 (5th Cir. 1984).

[113] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed., 2016).

[114] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:7 (3d ed., 2016).

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the Plaintiff. Also, any amount which you might award to the Plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the Plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.[115]

The law of Louisiana does not permit an award of punitive damages, that is to say, in a case of this kind, no award should be made as a punishment for injuries which may have been inflicted. Punitive damages cannot be allowed, even though a Defendant may be grossly negligent, and even if a jury might feel that he should be punished. Any award made in such a case must be limited to a fair compensation for the items claimed as damages resulting from the accident.[116]

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.[117]

---

[115] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed., 2016).
[116] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:11 (3d ed., 2016).
[117] 18 La. Civ. L. Treatise, Civil Jury Instructions § 18:1 (3d ed., 2016).

**<u>DEFENDANTS' PROPOSED QUESTION NO. 1[118]:</u>**

Do you find from a preponderance of the evidence a slip-and-fall, involving Plaintiff occurred on or about the early morning hours of December 1, 2014, onboard the Main Pass 153B?

ANSWER:  "YES" or "NO":  _____

If you answered question No. 1 "Yes", then answer the following questions.  Otherwise, do not answer the following questions.

---

[118] *Bourque v. Essex Ins. Co.,* 12-0810 (La. 06/15/12); 90 So. 3d 1031 ("[d]o you find, by a preponderance of the evidence, that an accident occurred on or about August 19, 2002, injuring the plaintiff, Patricia Bourque?"); *Cooper v. Greyhound Lines, Inc.,* 2006-1655 (La.App. 4 Cir. 6/20/07); 961 So. 2d 1286 ("Do you find that an accident occurred on December 17, 2004, while Mr. Cooper was riding a Greyhound bus?")

**DEFENDANTS' PROPOSED QUESTION NO. 2[119]:**

Do you find from a preponderance of the evidence Plaintiff was the borrowed employee of Fieldwood Energy LLC during the relevant time period?

ANSWER:  "YES" or "NO":  _____

After answering this question, proceed to Question No. 3.  If you answered this question "YES," answer Question No. _____ "NO" as to Fieldwood Energy, LLC.

---

[119] *Jones v. Francis Romero, Inc., et. al.*, 345 So.2d 1286 (La. App. 3rd. Cir. 5/13/77)

## DEFENDANTS' PROPOSED QUESTION NO. 3[120]:

Do you find from a preponderance of the evidence Wood Group's employees on the MP-153B Platform during the relevant time period were the borrowed employees of Fieldwood Energy LLC?

ANSWER:  "YES" or "NO":  _____

After answering this question, proceed to Question No. 4.  If you answered this question "YES," and Question NO. 2 "YES," answer Question No. ____ [the liability question] as to Wood Group.

---

[120] *Jones v. Francis Romero, Inc., et. al.*, 345 So.2d 1286 (La. App. 3rd. Cir. 5/13/77)

**<u>DEFENDANTS' PROPOSED QUESTION NO. 4[121]:</u>**

Do you find from a preponderance of the evidence Island Operating's employees on the MP-153B Platform during the relevant time period were the borrowed employee of Fieldwood Energy LLC?

ANSWER:  "YES" or "NO":  _____

After answering this question, proceed to Question No. 5.  If you answered this question "YES," and Question NO. 2 "YES," answer Question No. ____ [the liability question] as to Island Operating.

---

[121] *Jones v. Francis Romero, Inc., et. al.*, 345 So.2d 1286 (La. App. 3rd. Cir. 5/13/77)

## DEFENDANTS' PROPOSED QUESTION NO. 5[122]:

Do you find from a preponderance of the evidence Shamrock's employees on the MP-153B Platform during the relevant time period were the borrowed employee of Fieldwood Energy LLC?

ANSWER:  "YES" or "NO":  _____

After answering this question, proceed to Question No. ____ [the liability question].  If you answered this question "YES," and Question NO. 2 "YES," answer Question No. ____ [the liability question] "NO" as to Shamrock.

---

[122] *Jones v. Francis Romero, Inc., et. al.*, 345 So.2d 1286 (La. App. 3rd. Cir. 5/13/77)

**PROPOSED QUESTION NO.        :[123]**

Were Wood Group, Fieldwood, Shamrock, and/or Island Operating, and/or <u>Waukesha Pearce</u>, negligent?

      **ANSWER:  "YES" or "NO":**

          a.   Wood Group          _____

          b.   Fieldwood            _____

          c.   Shamrock            _____

          d.   Island Operating     _____

          e.   Waukesha Pearce    **_____**

If you answered Question No. 1 "No", for all listed parties, go no further.  If you answered Question No. ___ "Yes" for any party other than Waukesha Pearce, proceed to Question No. ___.

---

[123]<u>La. Civ. L. Treatise, Civil Jury Instructions</u> § 21.1.

**<u>PROPOSED QUESTION NO.        :</u>**[124]

      Was the negligence of Waukesha Pearce, Wood Group, Fieldwood, Shamrock, and/or Island Operating a proximate cause of the accident?

      **ANSWER:  "YES" or "NO":**

    a.  Waukesha Pearce                        _____

    b.  Wood Group                             _____

    c.  Fieldwood                               _____

    d.  Shamrock                               _____

    e.  Island Operating                     _____

      If you answered Question No. ___ "NO" for all listed parties other than Waukesha Pearce, go no further.  If you answered Question No. ___ "YES", proceed to Question No. ___.

---

[124] 18 <u>La. Civ. L. Treatise, Civil Jury Instructions</u> § 21.1 (3d ed., 2016).

## DEFENDANTS' PROPOSED QUESTION NO.      :[125]

Was the Milorad Raicevic negligent?

**ANSWER:  "YES" or "NO":**  _____

If you answered Question No. ____  "YES", proceed to Question No. ____.  If the answer to

Question No. ____  is no, proceed to Question No. ____.

---

[125] <u>La. Civ. L. Treatise, Civil Jury Instructions</u> § 21.1.

**DEFENDANTS' PROPOSED QUESTION NO. ___:[126]**

Was the negligence of Plaintiff a proximate cause of the accident?

ANSWER: "YES" or "NO": _____

If the answer to Question No. ____ is "YES", please proceed to Question No. ____. If the answer to Question No. ____ is "NO", please proceed to Question No. ____ but do not answer for the Plaintiff.

---

[126] La. Civ. L. Treatise, Civil Jury Instructions § 21.1.

**PROPOSED QUESTION NO.          :**[127]

Please state the percentage of negligence, if any, attributable to each of the parties listed below to which you answered "Yes" in Question No. ____ and/or No. ____.

| | | |
|---|---|---|
| a. | Milorad Raicevic | _____% |
| b. | Waukesha Pearce | _____% |
| c. | Wood Group | _____% |
| d. | Fieldwood | _____% |
| e. | Shamrock | _____ % |
| f. | Island Operating | _____% |
| | Total | <u>100</u>% |

After answering this question, proceed to Question No. ____

---

[127] 18 <u>La. Civ. L. Treatise, Civil Jury Instructions</u> § 21.1 (3d ed., 2016).

Answer Question No. ____ if you answered "Yes" to either Fieldwood, Shamrock, Island Operating, or Wood Group in Question No. ____. Otherwise, do not answer Question 3.

**<u>Agreed Question 3:</u>**      What sum of money, if paid now in cash, would fairly and reasonably compensate Milorad Raicevic for his injuries, if any, that resulted from the occurrence or injury in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Milorad Raicevic.

a. Medical care expenses incurred in the past.

Answer: _____

b. Medical care expenses that, in reasonable probability, Milorad Raicevic, will incur in the future.

Answer: _____

c. Loss of earning capacity sustained in the past.

Answer: _____

d. Loss of earning capacity that, in reasonable probability, Milorad Raicevic, will sustain in the future.

Answer: _____

e. Pain and suffering sustained in the past.

Answer: _____

f. Pain and suffering that, in reasonable probability, Milorad Raicevic, will sustain in the future.

Answer: _____

g. Mental anguish sustained in the past.

Answer: _____

h. Mental anguish that, in reasonable probability, Milorad Raicevic, will sustain in the future.

Answer: _____

i. Physical disfigurement sustained in the past.

Answer: _____

j. Physical disfigurement that, in reasonable probability, Milorad Raicevic, will sustain in the future.

Answer: _____

h. Loss of enjoyment of life in the past.

Answer: _____

i. Loss of enjoyment of life that, in reasonable probability, Milorad Raicevic will sustain in the future.

Answer: _____