UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.: 3:15-cv-327 |
| | § | |
| *Versus* | § | |
| | § | |
| WOOD GROUP PSN, INC., ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

**PLAINTIFF'S FIRST AMENDED MOTION IN LIMINE**

Respectfully submitted,

MORROW & SHEPPARD LLP


*/s/ John D. Sheppard*
John D. Sheppard (attorney-in-charge)
State Bar No.  24051331
Fed Bar No. 635193
jsheppard@morrowsheppard.com
Nicholas A. Morrow
State Bar No.  24051088
Fed Bar No. 611443
nmorrow@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX  77098
Telephone:     (713) 489-1206
Facsimile:      (713) 893-8370

***Attorneys for Plaintiff***

1

## **CERTIFICATE OF SERVICE**

I certify that on December 11, 2017 a true and correct copy of this document was served on all counsel of record registered with the Court's ECF filing system.

*/s/ John D. Sheppard*
John D. Sheppard

Plaintiff Milorad Raicevic moves the Court to order, before voir dire, that (1) Defendants' attorneys, and through them, any and all witnesses called for Defendants, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion; and (2) Defendants' attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon. Plaintiff asks the Court to order that, if Defendants' attorneys intend to offer evidence of the matters in this Motion, they must first obtain a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this civil action.

In support of this Motion, Plaintiff shows as follows:

**A.**

The matters in this motion are inadmissible for any purpose on proper and timely objection because they are not relevant to the issue in this case or the rights of the parties. The matters in this Motion will not have any tendency to make the existence of any material fact more probable or less probable than it would be without the evidence. *See* FED. R. EVID. 401 and 402. Permitting interrogation of the witnesses, comments to the jurors, or offers of evidence on the matters in this Motion is substantially outweighed by the harm to Plaintiff. Instead, it would draw the jury's attention to the prejudicial impact. *See* FED. R. EVID. 101 & 103(c). If Defendants inject the matters in this Motion into this trial through a party, and attorney or a witness, Defendants will cause irreparable harm to Plaintiff, which no jury instruction would cure. If any of the matters in this Motion are brought to the attention

of the jury, directly or indirectly, Plaintiff would be forced to move for a mistrial. To avoid prejudice and a possible mistrial, Plaintiff asks the Court to grant his Motion in Limine.

**B.**

The following matters are the subject of this Motion in Limine:

1. The parties' settlement negotiations or Plaintiff's offers of settlement. Offers to compromise and statements made in comprise negotiations are inadmissible. *See* FED. R. EVID. 408. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* FED. R. EVID. 408.

   _____  _____  _____  _____
   Agreed                   Granted                  Modified                  Denied

2. References to persons or the purported testimony of persons who have not been properly and timely disclosed in Defendants' responses to Plaintiff's written discovery and in Defendants' Rule 26 disclosures. *See* FED. R. CIV. P. 37; FED. R. EVID. 802 AND 804.

   _____  _____  _____  _____
   Agreed                   Granted                  Modified                  Denied

3. References or attempting to introduce documents or tangible things or the contents of documents or tangible things that have not been properly and timely produced or made available to Plaintiff in Defendants' Rule 26 disclosures or in Defendants' responses to Plaintiff's written discovery. *See* FED. R. CIV. P. 37.

   _____  _____  _____  _____
   Agreed                   Granted                  Modified                  Denied

4. References to experts or the purported testimony of any expert who has not been identified or whose status as an expert has not been disclosed to Plaintiff. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d. 1425, 1435-36 (5th Cir. 1993).

   _____  _____  _____  _____
   Agreed                   Granted                  Modified                  Denied

5. Expert-witness opinions that have not been disclosed to Plaintiff or are otherwise outside the scope of the expert's written opinion produced during pretrial discovery or their depositions. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993); *Thudium v. Allied Products Corp.* 36 F.3d 797, 769-70 (8th Cir. 1994).

    Agreed          Granted          Modified          Denied

6. References or questioning that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct. *See* FED. R. EVID. 402, 403, 404, 608, and 609. *U.S. v. Carter*, 528 F.2d 844, 846-47 (8th Cir. 1975).

    Agreed          Granted          Modified          Denied

7. That Defendants not make reference to, mention, elicit, testimony, or present evidence of any personal habits, character traits, and any crimes, arrests, convictions, wrongs or acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members, including, but not limited to, smoking, fighting, drinking alcoholic beverages, womanizing, prior marriages, abortions, illegitimate children, traffic violations, illegal drug use, drug and/or alcohol rehabilitation programs, prescription drug use, criminal acts, criminal charges, criminal convictions, and swearing. There is no evidence or allegation that those habits, character traits, crimes, wrongs, or acts, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff, his witnesses, or Plaintiff's family members as bad persons. *See* FED. R. EVID. 404, 608(b), and 609(a).

    Agreed          Granted          Modified          Denied

8. Any reference to the fact that Plaintiff receives any benefits from any collateral source.

Agreed             Granted             Modified             Denied

9. References, questioning or argument that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have failed to report income to the Internal Revenue Service or any other agency responsible for the assessment and collection of taxes or have not filed state or federal income tax returns in the past. *See* FED. R. EVID. 402, 403, and 404.

Agreed             Granted             Modified             Denied

10. References to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges. *See* FED. R. EVID. 402 and 403.

Agreed             Granted             Modified             Denied

11. That Defendants not make reference to, mention, elicit, testimony, or present evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff. There is no evidence or allegation that those claims, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff as a bad person. *See* FED. R. EVID. 404, 608(b), and 609(a).

Agreed             Granted             Modified             Denied

12. References or arguments implying or suggesting to the jury that Defendants' conduct must be the sole proximate cause of Plaintiff's damages or injuries in order for Defendants to be liable or for Plaintiff to recover damages. This argument would be a misstatement of the law and only calculated to falsely and incorrectly mislead the jury.

Agreed             Granted             Modified             Denied

13. That Defendants be prohibited from claiming or stating that the nation's court

systems are overloaded due to cases such as this or similar cases or references or statements like "there are too many lawsuits" or "too much litigation." References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial. If relevant and/or admissible, the probation value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 401, 402, and 403.

| Agreed | Granted | Modified | Denied |

14. That if the Defendants feel any area which is covered by this Motion in Limine or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or that if the Defendants feel "a door has been opened," that they must, before saying or presenting or exhibiting anything in the jury's presence regarding same, that they approach the bench and make inquiry side bar without the jury being able to hear same in a voice designed so that the jury will not hear same. This particular limine subpart is to be followed regardless of the time of the trial, including arguments.

| Agreed | Granted | Modified | Denied |

15. That Defendants be prohibited from making any reference to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" trying to imply that this lawsuit is "frivolous" or "without merit." Proper remedies and procedures of summary judgments, counter claims, dismissal for failing to state a claim upon which relief can be granted, etc. were all available to the Defendants. FED. R. EVID. 402 and 403.

| Agreed | Granted | Modified | Denied |

16. WITHDRAWN BY PLAINTIFF.

17. That Defendants be prohibited from making any reference to, mentioning, eliciting testimony, or offering any evidence relating to Plaintiff or any of Plaintiff's witnesses prior marriages or past romantic relationships. Such matters are not relevant and would be offered only for the impermissible purpose of portraying Plaintiff or Plaintiff's witnesses as a bad person. FED. R. EVID. 402, 403, 404, 406, and 609.

| Agreed | Granted | Modified | Denied |
|--------|---------|----------|--------|
| _____ | _____  | _____   | _____ |

18. WITHDRAWN BY PLAINTIFF.

19. Any argument, testimony, or reference stating, inferring, or implying that alarms and sensors on the platform and in the Compressor Room do not trigger timed shut-downs. Plaintiff was ordered to respond to alarms within approximately 3 minutes to prevent compressor shut-downs. Plaintiff sent interrogatories to each Defendant seeking information regarding which sensors and alarms trigger which types of consequences, and the Defendants wholly failed to timely provide any information. Fed. R. Civ. P. 37(d) and 37(b)(2)(i-ii).

| Agreed | Granted | Modified | Denied |
|--------|---------|----------|--------|
| _____ | _____  | _____   | _____ |

20. Any argument, testimony, or reference stating, inferring, or implying that the Defendants did not have the ability to alter and program when and how fast certain alarms on the platform would trigger shut-downs. Plaintiff sent interrogatories to each Defendant seeking information regarding which sensors and alarms produce which types of responses, and the Defendants wholly failed to timely provide any information. Fed. R. Civ. P. 37(d) and 37(b)(2)(i-ii).

| Agreed | Granted | Modified | Denied |
|--------|---------|----------|--------|
| _____ | _____  | _____   | _____ |

21. WITHDRAWN BY PLAINTIFF.

22. WITHDRAWN BY PLAINTIFF.

23. WITHDRAWN BY PLAINTIFF.

24. Any argument, testimony, or reference by Wood Group, Island Operating, or Shamrock as to the amount of oil being used at the platform or attempting to contradict Plaintiff's evidence on this issue. The Defendants failed to timely provide any information regarding this issue in response to interrogatories. Fed. R. Civ. P. 37(d) and 37(b)(2)(i-ii).

| | | | |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

25. Any argument, testimony, or reference by Fieldwood as to the amount of oil being used at the platform that seeks to alter or supplement the specific data referenced in response to Plaintiff's interrogatory on this issue. Fieldwood failed to timely provide any information or contentions regarding this issue in response to interrogatories, besides vaguely pointing Plaintiff to documents. Fed. R. Civ. P. 37(d) and 37(b)(2)(i-ii).

| | | | |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

26. Any argument, testimony, or reference by any Defendant that Plaintiff was the borrowed servant of the Defendants. This is an affirmative defense that was not properly pled in any of the Defendants' answers, and is therefore waived. *Perry v. Bo-Truc Inc.*, 1992 WL 56055, *1 (E.D. La. 1992). *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

| | | | |
|---|---|---|---|
| Agreed | Granted | Modified | Denied |

27. Any argument, testimony, or reference by any Defendant to any medical amounts less than the amount charged by medical providers if there is such evidence of the amount charged by the provider. Permitting the Defendants to instead reference less amounts paid by Workers' Compensation or written off by providers who participate in Workers' Compensation would violate the collateral source rule. "Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." *Griffin v. Louisiana Sheriff's Auto Risk Ass'n*, 802 So.2d 691, 714 (La. App. 1st Cir. 2001). The focus of the collateral source rule is that tortfeasors (here, the Defendants) should not benefit from the victim's prudence in having insurance. *Id.* at 715. "This rationale can best be understood by analyzing the write-offs in two situations: one in which a tortfeasor injures an uninsured victim and the other in which the same tortfeasor, in the same manner and to the same extent, injures an insured victim." *Id.* "Unless the write-offs are considered collateral sources, the tortfeasor would be relieved of his liability to the insured victim to the extent of the amount of the write-offs." *Id.*

| Agreed | Granted | Modified | Denied |
|---|---|---|---|

28. Any reference as to the reasons for Plaintiff's suspension without pay in 2007 or voluntary resignation from Dresser Rand, or any reference to the materials referenced in Defendant's Exhibit 602.1-4 or pertaining to Mr. Raicevic leaving Dresser Rand. In response to a deposition on written questions for which there was no cross-examination and which was conducted after the expiration of discovery, an identified representative (besides his name) whose connection to Dresser Rand is unknown wrote "on belief" that Plaintiff resigned following a temporary suspension following vague and non-specific allegations of a physical altercation with another employee and strife with other employees, which the deponent then expressly states has nothing to do with any injuries ever sustained by Mr. Raicevic. Defendants' attempt to inject intra-personal issues Mr. Raicevic may have had at a prior job years before is completely irrelevant, prejudicial, and intended to assassinate Mr. Raicevic's character.

| Agreed | Granted | Modified | Denied |
|---|---|---|---|

WHEREFORE, premises considered, Plaintiff moves this Court to order, before voir dire, that (1) Defendants' attorneys and, through them, any and all witnesses called for Defendants, refrain from commenting on, mentioning, communicating, publishing, or attempting to introduce evidence of, directly or indirectly, the matters in this Motion, without first obtaining a favorable ruling from the Court outside the presence and hearing of all jurors or prospective jurors; and (2) Defendant's attorneys instruct their witnesses not to volunteer, inject, disclose, state, or mention the matters in this Motion in the presence of the jury, unless and until specifically questioned thereon.