UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.: 3:15-cv-327 |
| | § | |
| *Versus* | § | |
| | § | |
| WOOD GROUP PSN, INC., ET AL. | § | TRIAL BY JURY DEMANDED |
| | § | |
| Defendants | § | |

**PLAINTIFF'S PROPOSED JURY / VENIRE PANEL QUESTIONS**

Respectfully submitted,

MORROW & SHEPPARD LLP

*/s/ John D. Sheppard*
John D. Sheppard (attorney-in-charge)
State Bar No. 24051331
Fed Bar No. 635193
jsheppard@morrowsheppard.com
Nicholas A. Morrow
State Bar No. 24051088
Fed Bar No. 611443
nmorrow@morrowsheppard.com
3701 Kirby Dr, Ste 840
Houston, TX 77098
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

***Attorneys for Plaintiff***

1

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2018 a true and correct copy of this document was served on all counsel of record registered with the Court's ECF filing system.

*/s/ John D. Sheppard*
John D. Sheppard

I. BACKGROUND INFORMATION:

1. Plaintiff requests the Court inquire as to the occupations of each of the panelists as well as the occupations of the panelists' spouses and grown children.
2. Do any of the panelists or their immediate family members work offshore or in the maritime industry?
3. Is there anyone on the panel who has any familiarity with the maritime or offshore industry?
4. Do any of the panelists or their immediate family members work in the oil and gas industry?
5. Do any of the panelists or immediate family members work for insurance companies or otherwise adjust claims for a living?
6. Is any panelist a member of an organization that supports tort-reform?
7. Has any panelist supported tort reform efforts?
8. Does anyone have a religious belief or personal belief that they cannot sit in judgment of another?

II. PRIOR LITIGATION EXPERIENCE:

1. Have any of the panelists ever been litigants either as plaintiffs or defendants?
    a. If so, when?
    b. What was the general nature of the dispute?
    c. Was the panelist a plaintiff or defendant?
    d. What was the outcome of the litigation?
    e. Is there anything about that experience that would cause the panelist to have any reservations or bias for or against either side?
2. Have any of the panelists served as jurors before?
    a. If so, when?
    b. What was the nature of the case?
    c. Was a verdict reached?
    d. Is there anything about that experience that would cause the panelist to have any reservations or bias for or against any of the parties here?

III. FAMILIARITY WITH ANY OF THE PARTIES/ATTORNEYS/WITNESSES IN THE CASE:

1. Do any of the panelists know any of the attorneys for the parties?

3

2. Have any of the panelists or their family members ever worked for a law firm?
3. Do any of the panelists know any of the parties?
4. Do any of the panelists know any of the people who might be witnesses in this case? [list witnesses from witness lists] If so, would your familiarity with this person make you more or less likely to believe that persons' testimony without having first heard the testimony? Would the fact such person is testifying make you favor one party over another?
5. Have any of the panelists or their immediate family members ever suffered a back injury?
6. Have any of the panelists or their immediate family members ever suffered a neck injury?
7. Have any of the panelists or their family members ever worked for Fieldwood?
8. Have any of the panelists or their family members ever worked for Wood Group
9. Have any of the panelists or their family members ever worked for Island Operating?
10. Have any of the panelists or their family members ever worked for Waukesha-Pearce?
11. Have any of the panelists or their family members ever worked for Linear Controls?
12. Have any of the panelists or their immediate family members ever worked on an offshore platform?

IV. CASE TYPE QUESTIONS:

1. Is anyone automatically skeptical because this is a case involving an individual plaintiff and corporate defendants?
2. Is there anyone that will automatically hold Plaintiff to a higher burden of proof than a preponderance of the evidence — i.e. they would require something closer to beyond a reasonable doubt or clear and convincing evidence in order to find for Plaintiff?

V. FUTURE MEDICAL CARE QUESTIONS:

1. Is there anyone that cannot award money for future medical care regardless of the evidence?
2. Is there anyone uncomfortable with the idea of money for future medical costs because of the uncertainty of things?

      3. Scaled Question – How comfortable are you in awarding damages for future medical care? 0 = completely uncomfortable; 10 = completely comfortable.
      4. Is there anyone here that would require more than a preponderance of evidence in order to award damages for future medical care costs?

VI.   PAIN AND SUFFERING QUESTIONS:

      1. Is there anyone that does not believe in pain and suffering?
      2. Is there anyone that will not under any circumstances, regardless of the evidence, award money for pain and suffering?
      3. Is there anyone that would hold Plaintiff to a higher burden of proof than a preponderance of the evidence in awarding pain and suffering — i.e. would require something closer to clear and convincing or beyond a reasonable doubt in awarding pain and suffering?

VII.   MISCELLANEOUS

      1. Do any members of the jury panel have any legal experience or any background in legal matters? If so, please describe.
      2. Does any panelist have any accounting experience or any background in accounting matters?
      3. Does any panelist have any strong feelings or any bias against lawyers?
      4. Does anyone here think that jury awards are generally too high? Too low? About right?
      5. Does anyone here thing that there are problems with the civil justice system?
      6. If YES, is the problem with the system itself or the lawyers filing the lawsuits?
      7. If you or someone close to you experienced injury due to what you believed was a matter of negligence, would you explore the filing of a lawsuit, or support the injured person in their efforts to do so?
      8. Do you know personally of any cases in which an on-the-job accident resulted in permanent injury to a person?
      9. 9. Do any of you know of anything else that might affect your ability to be a fair and impartial juror in this case, or affect your ability to serve as a juror for the term of this trial? If so, please describe.