Pg. 11:

      The proximate cause of an injury or an accident is the primary or moving act or acts which produces the injury complained of. It's well settled that unless an omission or an accident of commission can be shown to be a proximate cause of an injury, it cannot be the basis for an award of damages. This does not mean that the law recognizes only one proximate cause of injury or damage consisting of only one factor or the conduct of only one person. On the contrary, many factors of things or conduct of two or more persons may operate at the same time independently or together to cause injury or damage. And in such a case, each may be a proximate cause of the injury or damage.

*[signature]*
1/25/18

## DEFENDANTS' PROPOSED QUESTION NO. 1[2]:

Do you find from a preponderance of the evidence that a slip-and-fall involving Milorad Raicevic occurred on or about the early morning hours of December 1, 2014, onboard the Main Pass 153B?

ANSWER: "YES" or "NO": _____

If you answered question No. 1 "Yes", then answer the following questions. Otherwise, do not answer the following questions.

*George C. Hanks*
1/25/18

---

[2] *Bourque v. Essex Ins. Co.*, 12-0810 (La. 06/15/12); 90 So. 3d 1031 ("[d]o you find, by a preponderance of the evidence, that an accident occurred on or about August 19, 2002, injuring the plaintiff, Patricia Bourque?"); *Cooper v. Greyhound Lines, Inc.*, 2006-1655 (La.App. 4 Cir. 6/20/07); 961 So. 2d 1286 ("Do you find that an accident occurred on December 17, 2004, while Mr. Cooper was riding a Greyhound bus?")

*Refused*
*Judge C. Hanks*
*1/25/18*

**DEFENDANTS' PROPOSED QUESTION NO. ~~2~~ 7:**

Please answer the following inquiries:

a. Do you find from a preponderance of the evidence Fieldwood Energy LLC had control over Milorad Raicevic's work on a day to day basis on the platform?

You are instructed that Fieldwood Energy LLC had control of Milorad Raicevic's work on a day to day basis if it had authoritative direction and control over his work as opposed to mere suggestion as to the details or the necessary cooperation.[7]

ANSWER: "YES" or "NO": _____

b. Do you find from a preponderance of the evidence Fieldwood Energy LLC and Waukesha Pearce had a meeting of the minds concerning Plaintiff being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that Waukesha Pearce's knowledge that Plaintiff would be taking instruction from Fieldwood evidences a meeting of the minds.[8]

ANSWER: "YES" or "NO": _____

c. Do you find from a preponderance of the evidence Plaintiff acquiesced to being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that acquiescence is demonstrated by an employee's awareness of his work conditions and his choosing to continue working in them.[9]

ANSWER: "YES" or "NO": _____

d. Do you find from a preponderance of the evidence there was at least a temporary termination of Plaintiff's employment relationship with Waukesha Pearce?

ANSWER: "YES" or "NO": _____

---

[6] *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969).
[7] *Id.* at 313.
[8] *Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988)
[9] *Ruiz*, 413 F.2d. at 313.

e. Do you find from a preponderance of the evidence Fieldwood Energy LLC provided Plaintiff his place of work and the necessary instruments to perform his work?

   ANSWER: "YES" or "NO": _____

f. Do you find from a preponderance of the evidence Plaintiff was working for Fieldwood Energy LLC for a considerable length of time?

   ANSWER: "YES" or "NO": _____

g. Do you find from a preponderance of the evidence the work Plaintiff was performing was that of Fieldwood Energy LLC?

   ANSWER: "YES" or "NO": _____

h. Do you find from a preponderance of the evidence Fieldwood Energy LLC had the right to discharge Plaintiff?

   You are instructed that Fieldwood Energy LLC had the right to discharge Plaintiff so long as it had the right to terminate Plaintiff's services to it, even if it could not terminate Plaintiff's position with Waukesha Pearce. [10]

   ANSWER: "YES" or "NO": _____

i. Do you find from a preponderance of the evidence the work Fieldwood Energy LLC had an obligation to pay Plaintiff's wages?

   You are instructed that Fieldwood Energy LLC had the obligation to pay Plaintiff even if his wages were paid by Waukesha Pearce based on time sheets verified and/or approved by Fieldwood. [11]

   ANSWER: "YES" or "NO": _____

---

[10] *Hebron v. Union Oil Co. of California*, 634 F.2d 245 (5th Cir.1981) (per curiam)
[11] *Brown v. Union Oil Co. of California*, 984 F.2d 674, 679 (5th Cir.1993).

**DEFENDANTS' PROPOSED QUESTION NO. 8:** *George Hat[...]*
1/25/18

Please answer the following inquiries:

a. Do you find from a preponderance of the evidence Fieldwood Energy LLC had control over Wood Group PSN, Inc.'s employees on the Platform's work on a day to day basis on the platform?

You are instructed that Fieldwood Energy LLC had control of Wood Group PSN, Inc.'s employees on the Platform's work on a day to day basis if it had authoritative direction and control over his work as opposed to mere suggestion as to the details or the necessary cooperation.[13]

ANSWER: "YES" or "NO": _____

b. Do you find from a preponderance of the evidence Fieldwood Energy LLC and Wood Group PSN, Inc. had a meeting of the minds concerning Plaintiff being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that Wood Group PSN, Inc.'s knowledge that its employees on the Platform would be taking instruction from Fieldwood evidences a meeting of the minds.[14]

ANSWER: "YES" or "NO": _____

c. Do you find from a preponderance of the evidence Wood Group PSN, Inc.'s employees on the Platform acquiesced to being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that acquiescence is demonstrated by an employee's awareness of his work conditions and his choosing to continue working in them.[15]

---

[12] *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969).
[13] *Id.* at 313.
[14] *Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988)

ANSWER: "YES" or "NO": _____

d. Do you find from a preponderance of the evidence there was at least a temporary termination of Plaintiff's employment relationship with Wood Group PSN, Inc.?

ANSWER: "YES" or "NO": _____

e. Do you find from a preponderance of the evidence Fieldwood Energy LLC provided Wood Group PSN, Inc.'s employees on the Platform's place of work and the necessary instruments to perform his work?

ANSWER: "YES" or "NO": _____

f. Do you find from a preponderance of the evidence Wood Group PSN, Inc.'s employees on the Platform were working for Fieldwood Energy LLC for a considerable length of time?

ANSWER: "YES" or "NO": _____

g. Do you find from a preponderance of the evidence the work Wood Group PSN, Inc.'s employees on the Platform were performing was that of Fieldwood Energy LLC?

ANSWER: "YES" or "NO": _____

h. Do you find from a preponderance of the evidence Fieldwood Energy LLC had the right to discharge Wood Group PSN, Inc.'s employees on the Platform?

You are instructed that Fieldwood Energy LLC had the right to discharge Wood Group PSN, Inc.'s employees on the Platform so long as it had the right to terminate their services to it, even if it could not terminate their position with Wood Group PSN, Inc..[16]

ANSWER: "YES" or "NO": _____

---

[15] *Ruiz*, 413 F.2d. at 313.
[16] *Hebron v. Union Oil Co. of California*, 634 F.2d 245 (5th Cir.1981) (per curiam)

i.  Do you find from a preponderance of the evidence the work Fieldwood Energy LLC had an obligation to pay Wood Group PSN, Inc.'s employees on the Platform's wages?

You are instructed that Fieldwood Energy LLC had the obligation to pay Wood Group PSN, Inc.'s employees on the Platform's even if his wages were paid by Wood Group PSN, Inc. based on time sheets verified and/or approved by Fieldwood. [17]

ANSWER: "YES" or "NO": _____

---

[17] *Brown v. Union Oil Co. of California*, 984 F.2d 674, 679 (5th Cir.1993).

**DEFENDANTS' PROPOSED QUESTION NO. 9:**

Please answer the following inquiries:

a. Do you find from a preponderance of the evidence Fieldwood Energy LLC had control over Island Operating Company LLC's employees on the Platform's work on a day to day basis on the platform?

You are instructed that Fieldwood Energy LLC had control of Island Operating Company LLC's employees on the Platform's work on a day to day basis if it had authoritative direction and control over his work as opposed to mere suggestion as to the details or the necessary cooperation.[19]

ANSWER: "YES" or "NO": _____

b. Do you find from a preponderance of the evidence Fieldwood Energy LLC and Island Operating Company LLC had a meeting of the minds concerning Plaintiff being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that Island Operating Company LLC's knowledge that its employees on the Platform would be taking instruction from Fieldwood evidences a meeting of the minds.[20]

ANSWER: "YES" or "NO": _____

c. Do you find from a preponderance of the evidence Island Operating Company LLC's employees on the Platform acquiesced to being under Fieldwood Energy LLC's employ while on the Platform?

You are instructed that acquiescence is demonstrated by an employee's awareness of his work conditions and his choosing to continue working in them.[21]

---

[18] *Ruiz v. Shell Oil Co.*, 413 F.2d 310, 312-13 (5th Cir. 1969).
[19] *Id.* at 313.
[20] *Melancon v. Amoco Production Co.*, 834 F.2d 1238, 1245 (5th Cir. 1988)

ANSWER: "YES" or "NO": _____

d. Do you find from a preponderance of the evidence there was at least a temporary termination of Plaintiff's employment relationship with Island Operating Company LLC?

ANSWER: "YES" or "NO": _____

e. Do you find from a preponderance of the evidence Fieldwood Energy LLC provided Island Operating Company LLC's employees on the Platform's place of work and the necessary instruments to perform his work?

ANSWER: "YES" or "NO": _____

f. Do you find from a preponderance of the evidence Island Operating Company LLC's employees on the Platform were working for Fieldwood Energy LLC for a considerable length of time?

ANSWER: "YES" or "NO": _____

g. Do you find from a preponderance of the evidence the work Island Operating Company LLC's employees on the Platform were performing was that of Fieldwood Energy LLC?

ANSWER: "YES" or "NO": _____

h. Do you find from a preponderance of the evidence Fieldwood Energy LLC had the right to discharge Island Operating Company LLC's employees on the Platform? You are instructed that Fieldwood Energy LLC had the right to discharge Island Operating Company LLC's employees on the Platform so long as it had the right to

---

[21] *Ruiz*, 413 F.2d. at 313.

terminate their services to it, even if it could not terminate their position with Island Operating Company LLC.[22]

ANSWER: "YES" or "NO": _____

i. Do you find from a preponderance of the evidence the work Fieldwood Energy LLC had an obligation to pay Island Operating Company LLC's employees on the Platform's wages?

You are instructed that Fieldwood Energy LLC had the obligation to pay Island Operating Company LLC's employees on the Platform's even if his wages were paid by Island Operating Company LLC based on time sheets verified and/or approved by Fieldwood.[23]

ANSWER: "YES" or "NO": _____

---

[22] *Hebron v. Union Oil Co. of California*, 634 F.2d 245 (5th Cir.1981) (per curiam)
[23] *Brown v. Union Oil Co. of California*, 984 F.2d 674, 679 (5th Cir.1993).