UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.: 3:15-cv-327 |
| | § | |
| *versus* | § | |
| | § | |
| WOOD GROUP PSN, INC., ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

---

**PLAINTIFF'S RULE 59(E) MOTION TO AMEND JUDGMENT AND MOTION TO STRIKE EVIDENCE**

---

Respectfully submitted,

*/s/ John D. Sheppard*
Mr. John Sheppard
Texas Bar No.: 24051331
Fed Id.: 635193
jsheppard@morrowsheppard.com
Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-1206
F: 713-893-8370
**COUNSEL FOR PLAINTIFF**

OF COUNSEL:
William Joseph Boyce
bboyce@adjtlaw.com
State Bar No. 02760100
Fed Bar No.  11698
Alexander Dubose & Jefferson LLP
1844 Harvard Street
Houston, Texas 77008
713.523.2358 (Tel)
713.522.4553 (Fax)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 14, 2019 I served this instrument on all counsel of record via ECF filing.

*/s/ John D. Sheppard*
John D. Sheppard

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have conferred with counsel for the Defendants and that they are opposed to the relief sought in this motion.

*/s/ John D. Sheppard*
John D. Sheppard

**Table of Contents**

**Summary of Argument**……………………………………………………………..…4

**Argument**………………………………………………………….……….…...…..5

   **I.**    **Fieldwood Bears The Burden Of Proof On Its Borrowed Employee Affirmative Defense**……………………………………...……………….5

   **II.**   **The Opinion Does Not Address A Prerequisite To Application Of The Federal LCHWA Workers' Compensation Bar, Which Fieldwood Failed To Prove**………………...……………………………….……..……………… 5

   **III.**  **Rule 49(A)(3) Does Not Authorize Post-Verdict Findings In This Case**………………………………..….……………………………10

      **A. Plaintiff Bears No Evidentiary Burden On Defendant's Affirmative Defense**…………..………………………………………………10

      **B. Fieldwell Itself Acknowledged Before Trial That It Had Not Figured Out Which Workers' Compensation Scheme Applied**…..11

      **C. No Evidence Abbuced At Trial Supports The Court's Post-Verdict Findings**…………..………………………………………………15

      **D. The Rules Contemplate The Exclusion Of Undisclosed Evidence**…………………………………………...……….15

      **E. Plaintiff Has Been Denied Due Process, And The Inability to Cross-Examine Was Prejudicial**…………………………….…………...17

      **F. These Issues Were Addressed In The Pretrial Order**………………………………………………………...……..19

      **G. Motions In Limine Do Not Absolve A Party Of Proving Its Case**…….……………………………………………………..20

   **IV.**  **Plaintiff Objects To Fieldwood's Post-Trial Evidence, Which Should Be Stricken And Cannot Be Considered**………………………………22

**Exhibits**………………………………………………….……..(attached hereto)

**Conclusion And Prayer**……………………………………………...………..23

## Summary of Argument

Plaintiff Milorad Raicevic asks this court to alter or amend its February 26, 2019 judgment under Federal Rule of Civil Procedure 59(e).

The judgment should be amended because neither it nor the accompanying Memorandum Opinion and Order entered on February 14, 2019 address the absence of evidence required to prove a prerequisite to the borrowed employee defense.

Additionally, the judgment and opinion rest on post-trial findings that are not authorized under Rule 49(a)(3).  Defendant Fieldwood Energy LLC ("Fieldwood") improperly offered new evidence after the jury verdict (which Plaintiff objected to and/or moved to strike), and again on the day before the Court entered judgment (which Plaintiff moves to strike in this motion and which it objected to and moved to strike in a responsive brief).  All of the post-verdict evidence filed by the Defendants should be stricken because that post-verdict evidence should not be considered in determining whether to give effect to the jury's verdict in favor of Plaintiff.  At a minimum, the Court should delineate whether reliance is being placed on post-verdict evidence; the authorization for reliance on post-verdict evidence; and the specific post-verdict evidence being considered in conjunction with the Court's judgment and opinion.

Because Defendant Fieldwood failed to prove the prerequisites for reliance on the borrowed employee affirmative defense, the Court should amend its judgment and opinion to award recovery in favor of Plaintiff against Defendant Fieldwood for $776,000 plus costs, interest, and all other applicable damages in accordance with the jury's findings.

Plaintiff reserves the right to pursue an appeal on additional grounds, including, but not limited to, Plaintiff's previously asserted challenges to the Court's analysis and determination of the *Ruiz* borrowed employee factors that were decided by the jury.

## Argument

## I.   Fieldwood Bears The Burden Of Proof On Its Borrowed Employee Affirmative Defense.

The Court's amended judgment (Dkt. 325) and supporting memorandum opinion (Dkt. 319) do not address the burden of proof on borrowed employee analysis. That is significant because borrowed servant status is an affirmative defense, and the party asserting an affirmative defense bears the burden of proving it at trial.  *Perry v. Bo-Truc Inc.*, 1992 WL 56055, *1-*2 (E.D. La. 1992) (borrowed employee is an "affirmative defense"); *F.T.C. v. National Business Consultants Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) ("An affirmative defense places the burden of proof on the party pleading it."). Because Fieldwood asserted the affirmative defense of borrowed employee, it bore the burden of proving the elements of that defense at trial.  As discussed more fully below, Fieldwood failed to satisfy this burden.

## II.   The Opinion Does Not Address A Prerequisite To Application Of The Federal LCHWA Workers' Compensation Bar, Which Fieldwood Failed To Prove.

The Court's amended judgment (Dkt. 325) and supporting memorandum opinion (Dkt. 319) recognize that purchase of an LHWCA workers' compensation insurance policy is a prerequisite to Fieldwood's borrowed employee defense.  *See* Dkt. 319 pg. 2-3 (Defendant Fieldwood may assert the borrowed-employee defense only if, Fieldwood

"purchase[d] LHWCA workers' compensation insurance from a commercial carrier that has been authorized by the Department of Labor to provide that insurance[.]")

Because Fieldwood failed to meet its burden of proving at trial that it purchased LHWCA insurance covering Plaintiff, the judgment should be amended on that ground alone to award damages to Plaintiff in conformity with the jury's verdict.

But Fieldwood's threshold purchase of LHWCA insurance is not the only prerequisite to application of the borrowed employee defense. Fieldwood not only must prove that it purchased a LHWCA policy, it also must prove that a LHWCA policy actually covered Plaintiff and actually paid LHWCA benefits. It is undisputed that Plaintiff was paid workers' compensation benefits solely by his actual employer, Waukesha Pearce. Fieldwood provided no actual LHWCA workers' compensation benefits or actual insurance coverage to Plaintiff.[1] Thus, Fieldwood also had a burden to introduce evidence of (1) an actual LHWCA policy purchased by Waukesha Pearce that actually paid LHWCA benefits to Plaintiff, and (2) an actual LHWCA policy purchased by Fieldwood that also covered Plaintiff and which otherwise would have provided LHWCA benefits to Plaintiff had they not been provided by the actual employer.[2] *See* 33 U.S.C.A. § 903 (coverage section); § 904 (liability for compensation section); § 905

---

[1] Plaintiff disputes that he meets the *Ruiz* criteria for being Fieldwood's borrowed employee, and contends the Court's analysis of the *Ruiz* factors is factually and legally erroneous.

[2] By contrast, if an employee's actual employer that covered and paid actual LHWCA benefits was invoking the borrowed employee defense from tort liability, then the actual employer would need to show only that it had a policy and that it had paid benefits.

(exclusiveness of liability when LHWCA insurance benefits actually paid); § 932 (obligation that benefits be secured).[3]

The Court's judgment and opinion address only whether Fieldwood had a LHWCA policy that **potentially** would have covered Plaintiff. As discussed below, even this circumstance was not established. Left unaddressed is whether Plaintiff **actually was covered** by a LHWCA policy and actually was **paid** LHWCA benefits.

There is no evidence in the record—even today after Fieldwood's untimely post-trial attempts at injecting new evidence long after the jury was discharged—that Plaintiff was actually covered by a LHWCA insurance policy and that policy actually paid LHWCA benefits (as opposed to ordinary Texas Workers' Compensation Benefits that have nothing to do with the LHWCA).

Plaintiff expressly identified this as a contested issue in the Joint Pretrial Order:

> 14.   Whether Plaintiff received or is receiving workers' compensation benefits under the Longshoreman & Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, versus another vehicle such as Texas Workers' Compensation.

*See* Dkt. 134 pg. 5, 13, 19.

Plaintiff also raised this issue in its briefing in response to Defendant's motion for judgment while trial was pending (briefing that was supplemented after trial). Dkt. 210 pg. 24-25. However, this issue is not addressed in the Court's judgment or the accompanying opinion.

---

[3] The Court's opinion seems to implicitly recognize the interplay when a borrowing employer is asserting the borrowed employee defense based on LHWCA benefits paid by the actual employer, but does not further address the issue. *See* Dkt. 319 pg. 3.

There is no evidence of an actual LHWCA insurance policy (presumably from Plaintiff's actual employer Waukesha Pearce) that actually paid Plaintiff LHWCA compensation benefits. Defendants never offered that evidence at trial and still have not done so. As a matter of law, judgment should be amended on this ground alone, and a new judgment should be entered in favor of Plaintiff based on Fieldwood's failure to prove all prerequisites for application of the affirmative defense on which it relies.

To the extent that oral testimony can be considered instead of the best evidence of the actual policy itself, the testimony at trial suggests Plaintiff received Texas Workers' Compensation benefits–not LHWCA benefits governed by 33 U.S.C. § 901 *et seq*. Again, Plaintiff received workers' compensation benefits from his actual employer, Waukesha Pearce. At the request of the Defendants, Vanna Raymond of Waukesha Pearce came to trial to testify about workers' compensation issues. The Defendants asked Ms. Raymond questions about generic workers' compensation benefits:

> Mr. Broussard:  Your Honor I might mention to you there's going to be a proffer regarding Mr. Raicevic's being provided Workers' Compensation benefits….
>
> Mr. Donato:  This is on borrowed servant for court's eyes only.
>
> The Court:  Yes, since we're here let's go ahead and do it.
> …
> Mr. Broussard:  Q. Was Mr. Raicevic provided Workers' Compensation benefits by Waukesha-Pearce?
>
> Vanna Raymond:  A.  Yes, sir.
> …
> Mr. Donato:  Q. Is Waukesha-Pearce a subscriber to the Workers' Compensation plan here in Texas?

Vanna Raymond:  A. Waukesha-Pearce operates all over the United States.  At the time, Mr. Raicevic was injured our carrier was [Zurich] North America."

…

Mr. Sheppard:  I have some questions.

The Court:  Yes.

…

Mr. Sheppard:  Q.  Okay.  And the Workers' Compensation benefits and the program is you're talking about Texas Workers' Compensation system, true?

Vanna Raymond:  A. Yes, sir.

Dkt. 297-11 pg. 88-92.

Ms. Raymond testified that Mr. Raicevic was being paid longshore benefits; but cross-examination confirmed she did not know if any LHWCA benefits were actually being paid.  Dkt. 297-11 pg. 91-92 ("Q.  I'm just asking if you know or not?  A.  Oh, no, I don't.").  Ms. Raymond re-confirmed a second time that the benefits being provided to Mr. Raicevic were Texas Workers' Compensation system benefits rather than LHWCA benefits:

Mr. Sheppard:  Q. He's being paid under the Texas Workers' Compensation system, true?

Ms. Raymond:  A. True.

…

Dkt. 297-11 pg. 91.

Whether Plaintiff was covered by a LHWCA policy and received LHWCA benefits was challenged because the trial exhibits of Defendants contained Texas Workers' Compensation work status reports, although reference to Texas Workers' Compensation was redacted at trial.  *Compare* Exhibit A pg. 10-13 (unredacted versions of defense trial exhibit 2008.1-19) *with* Dkt. 258-1 pg. 12-15 (redacted versions).

9

Fieldwood never offered into evidence the actual insurance policy of Waukesha Pearce, or any other evidence establishing that Plaintiff was paid LHWCA benefits rather than Texas Workers' Compensation benefits.   The only definitive testimony was that Plaintiff was being paid Texas Workers' Compensation benefits; when asked directly about other benefits, the witness could only respond, "I don't know."

Because Fieldwood dd not establish that Plaintiff was paid LHWCA benefits, and at most proffered evidence of payment of Texas Workers' Compensation benefits, the borrowed employee defense contained in federal statute 33 U.S.C. § 901 *et seq*. does not apply.   There is simply no direct and clear evidence in the record that Plaintiff was paid LHWCA benefits at any time by anyone, or that he was actually covered by a LHWCA policy.   Despite Plaintiff identifying this as a contested issue in the Joint Pretrial Order, Fieldwood failed to develop or proffer at trial any evidence on the issue.

**III.    Rule 49(A)(3) Does Not Authorize Post-Verdict Findings In This Case.**

**A. Plaintiff Bears No Evidentiary Burden On Defendant's Affirmative Defense.**

The Court's opinion determines that post-verdict fact findings regarding the purchase of LHWCA insurance are authorized under Rule 49(a)(3) because "Raicevic neither objected to the omission nor requested that the Court submit any such questions to the jury." Dkt. 319 pg. 3. This statement seems to be placing the burden on Plaintiff to disprove or obtain findings on Fieldwood's affirmative defense.

### B. Fieldwood Itself Acknowledged Before Trial That It Had Not Figured Out Which Workers' Compensation Scheme Applied.

Fieldwood's original answer in this case asserted that the LHWCA was the applicable workers' compensation scheme. Dkt. 11 (Feb. 11, 2016). The Court's docket control order required Fieldwood to file a motion to amend pleadings no later than July 21, 2016. Dkt 18 at para. 1 (April 21, 2016).

On June 16, 2017, Fieldwood moved for leave to file an amended answer to affirmatively **change its position** regarding the application of the LHWCA. Dkt. 62. Fieldwood's specified basis for seeking relief was that:

> Put simply, there arguably remain ongoing questions as to which compensation scheme is appropriate but under Plaintiff's claims confirmed in his deposition . . . it would appear to be Louisiana, despite the fact that Plaintiff may be receiving Texas benefits. Moreover, questions have been raised in other depositions that Plaintiff's injuries may have occurred elsewhere.

*Id*. at pg. 4. Exhibit A to Fieldwood's motion for leave was one of Plaintiff's Texas Workers' Compensation Work Status Reports. *Id*. at Ex. A.

Presumably because Fieldwood was not Plaintiff's employer, was not paying him benefits, had no actual obligation to ever pay him benefits—and because it no longer had confidence the LHWCA applied—Fieldwood sought (and obtained) relief to remove the LHWCA reference and generically plead that "Plaintiff's claims against Fieldwood are barred by the exclusive remedy provisions of **the applicable worker's compensation scheme**." *Id*. at p. 2; Dkt. 64 at Para 7 (June 29, 2017) (emphasis added).

Fieldwood's motion for leave went on to state:

> Whether Fieldwood is entitled to the protections of the LHWCA, or the Texas or Louisiana workers' compensation scheme raises no new issues for this trial. The amendment merely serves to reflect that Fieldwood, as it has maintained since the beginning, is entitled to the protections of a worker's compensation scheme. Moreover, even if some party believes it does, the discovery period is not closed, Fieldwood has not presented any witnesses yet, and thus there will be no delay to the proceedings.

*Id*. at pg. 5.

Thus, Fieldwood knew it had not established that Plaintiff was receiving LHWCA benefits. In fact, Fieldwood affirmatively pled that there was uncertainty regarding which "workers' compensation scheme" applied. *Id*. Fieldwood made clear that the pleading language it sought to use, "the applicable workers' compensation scheme", reflected this uncertainty. *Id*. Fieldwood affirmatively acknowledged that the "applicable workers' compensation scheme" might be Texas, then claimed it was **probably** Louisiana—not the LHWCA. *Id*. Whatever the scheme was, this uncertainty was enough for Fieldwood to seek court relief to affirmatively remove its assertion that the LHWCA applied. *Id*.

Notwithstanding the insinuation that other parties should do Fieldwood's work for it, the fact is Fieldwood did not engage in the appropriate discovery to determine which "workers compensation scheme" applied. Instead, on the eve of trial, Fieldwood late-filed a Second Amended Answer in which it stated that "Plaintiff's claims against Fieldwood are barred by the exclusive remedy provisions of the **applicable worker's compensation scheme** because he is Fieldwood's borrowed servant/employee." Dkt.

129 at para. 7 (11/17/219) (emphasis added).  On information and belief, this late and eve-of-trial pleading was Fieldwood's first pleading of the borrowed employee affirmative defense.  Further, presumably because there was still uncertainty, even in its eve-of-trial pleading regarding what benefits Plaintiff had received, Fieldwood chose not to revert back to pleading that the LHWCA applied.  Fieldwood instead continued to generically assert Plaintiff's claims were barred by the "applicable" workers' compensation scheme, without specification as to what that was..

This matters, and is dispositive, for multiple independent reasons.  First, as is discussed elsewhere herein, to establish its late-asserted borrowed servant affirmative defense, Fieldwood had the burden to prove, *inter alia*, which workers' compensation scheme applied—and if the allegedly LHWCA applied—that Plaintiff was actually covered by such a LHWCA policy and paid LHWCA benefits and also that Fieldwood purchased a LHWCA policy that covered Plaintiff.  Fieldwood's failure to do those things, standing alone, requires judgment in favor of Plaintiff.

Leaving aside the fact that Fieldwood was legally required to prove all the required elements of its affirmative defense, and contrary to Fieldwood's suggestion that it doesn't really matter which workers' compensation scheme applies, Fieldwood's failure to timely establish the applicable workers' compensation scheme and other details did have potential legal consequences.  These are issues which cannot be remedied post-verdict, after Fieldwood permitted the jury to be discharged.

To be clear, which workers' compensation law applies matters, and if Fieldwood concedes it has not proven the application of LHWCA, it cannot now attempt to jump on

the Texas or Louisiana workers' compensation horses.   Under both Texas workers' compensation law and Louisiana workers' compensation law (laws Fieldwood alleged in its pleadings may be applicable), where facts are controverted, the borrowed servant determination is entirely a jury question.   *See, e.g., Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex. 1992) (holding borrowed servant determination was jury question); *Miller v. Hood*, 536 S.W.2d 278, 282 (Tex. Civ. App. Corpus Christi 1976, writ ref'd n.r.e.) ("[w]here there is no contract between the employers covering the specific right to control the particular employee then a factual question is raised as to whether the employee is a borrowed employee at the time in question"); *Frye v. Texas Brine Corp.*, 425 So.2d 310 (La.App. 3d Cir.1982) ("[w]hether a person is a borrowed employee is an issue of fact").   In fact, the Texas Pattern Jury Charge has specific jury questions regarding borrowed employee.   *See* Texas Pattern Jury Charge—Negligence, Sections 10.2-10.5.

Further, generally speaking, under Texas law, Fieldwood's contractual disclaimer of control estops it from asserting borrowed servant as a matter of law.   *See Anthony Equipment Corp. v. Irwin Steel Erectors, Inc.*, 115 S.W.3d 191 (Tex. App. Dallas 2003, pet. dism'd) ("Texas courts have consistently held that two employers can contractually agree to assign 'right of control.' With such an agreement, the court can decide the borrowed servant issue without considering the facts and circumstances of the project. When the parties have an agreement, the analysis becomes relatively simple.") (internal citations omitted).   Under Texas workers' compensation law, while a nonparty to a contract like Plaintiff can assert that the facts on the ground were different than what the

contract says regarding control, a contracting party like Fieldwood generally cannot have its cake and eat it too—unless the contract containing the disclaimer is a sham, which has not been argued here, Fieldwood is bound by the contract it signed.

Other potential issues exist as well.  Fieldwood had the burden to develop evidence and prove all the elements of its late-asserted affirmative defense.  It was not anybody else's duty or role to do so.  Fieldwood's own pleadings acknowledge it had not done so before trial and within the applicable discovery deadlines, as was required. Fieldwood's borrowed servant affirmative defense fails.

### C. No Evidence Adduced At Trial Supports The Court's Post-Verdict Findings.

Fieldwood's posttrial submissions similarly concede it did not present the requisite evidence at trial, either.  This too is fatal.  Even when factual findings by a court are authorized under Rule 49(a)(3), any such findings must be based on evidence at trial. *See, e.g., Fudali v. Pivotal Corp.*, 623 F. Supp. 2d 11, 19 (D.D.C. 2008).  Trial lasted over the course of weeks, evidence closed, and the jury rendered its verdict.  At that time, there was absolutely zero evidence in the record that Fieldwood had secured LHWCA insurance (one of the prerequisites to the federal borrowed employee defense).  **The insurance policy that Fieldwood submitted a week after the jury had been discharged was never produced in discovery, and the supporting affiant was never disclosed as a witness or person with knowledge of relevant facts**.  *See* Dkt. 297-4 (Declaration of Mark Mozell and insurance policy attached)**;** Exhibit B (Sheppard declaration).  The Court expressly relies on this undisclosed witness and un-produced

document—and only this evidence—on the issue of Fieldwood's underlying LHWCA insurance in order to render judgment for Fieldwood.  *See* Dkt. 319 pg. 4 (citing solely to Dkt. 297-4).  This reliance is not supported by the record.

### D.  The Rules Contemplate The Exclusion Of Undisclosed Evidence.

Federal Rule of Civil Procedure 37(c) provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) (the ruling requiring disclosure of persons with discoverable information and documents used to support defenses), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c).

Rule 37(c) also delineates additional sanctions that may be imposed against a party that fails to provide such information, including the striking of pleadings, as well as directing that the facts at issue be taken as established as the prevailing party claims. FED. R. CIV. P. 37(c); 37(b)(2).  In other words, the rules authorize this Court to strike Fieldwood's borrowed employee defense and/or instruct the jury that it did not apply.

Further, the Rules contemplate, in limited circumstances, allowing "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  FED. R. CIV. P. 60.  Fieldwood presumably had its insurance policy since 2014, and it knew that it bore the burden of proving its affirmative defense.  It is not newly discovered evidence, and it should have been admitted or considered at trial.

Considering undisclosed evidence proffered for the first time after the jury was discharged erroneously denies to the opposing party the right to cross-examine a witness or offer competing evidence at trial.[4]

Fieldwood has not attempted to justify its failure to disclose the insurance policy or the identity and testimony of its affiant.  The harm of Fieldwood withholding the policy and the testimony from a non-disclosed affiant is severely prejudicial.

### E. Plaintiff Has Been Denied Due Process, And The Inability To Cross-Examine Was Prejudicial.

Plaintiff has been denied a fair trial because he was denied the basic due process right to cross-examine witnesses.  The cross-examination of Fieldwood's post-trial affiant Mark Mozell would certainly include the exploration of the following sentence from the affidavit: "**Had** Mr. Raicevic been an employee of Fieldwood on that day [of his injury], and had it been determined that his alleged injury was a compensable, work-related injury, he would have been provided benefits under this policy."  Dkt. 297-4 pg. 1 (emphasis added).  Fieldwood offered this evidence after the verdict in an effort to satisfy the requirement that it procured a LHWCA policy that provides coverage to Plaintiff.

The problem with this testimony is that it concedes that Plaintiff was not Fieldwood's employee of any kind, and that Fieldwood's policy did not and does not actually cover Plaintiff, as required.  It is undisputed that Plaintiff was not provided any

---

[4] As previously briefed, Fieldwood had every incentive to tread lightly and even to disavow a borrowed employee defense (which it apparently did until after trial).  This is because Fieldwood's main argument at trial was that it did not employ or control Plaintiff, that Plaintiff was an independent contractor, and that Plaintiff injured himself on his own doing work that he was solely responsible for.

benefits whatsoever under Fieldwood's policy—which Fieldwood says would have happened if he was an employee.

In *Total Marine Service Inc. v. Director, Office of Workers' Compensation,* 87 F.3d 774, 776-779 (5th Cir. 1996), the Fifth Circuit explained that the borrowed employee defense is available only to employers (including borrowing employers), and that employers are liable for LHWCA benefits:

> The primary focus of the Fifth Circuit's application of this doctrine to the LHWCA has been the tort immunity provision contained in section 5(a) of the LHWCA, 33 U.S.C. § 905(a). This section makes compensation benefits the exclusive remedy available to an injured worker from his "**employer**." 33 U.S.C. § 905(a) (1994).3 The Fifth Circuit has extended this tort immunity provision by means of the borrowed employee doctrine to encompass a worker's borrowing employer. *E.g., Hebron, Gaudet*. **In effect, we have read the term "employer" in the LHWCA to include borrowing employers under the borrowed employee doctrine**.
>
> We have also concluded that a borrowing **employer** is liable for compensation benefits of its borrowed employee under the LHWCA.
> …
> Total Marine has stipulated that it was Arabie's borrowing employer. Under the West rationale, which binds us, **Total Marine is thus Arabie's employer for purposes of the LHWCA. Total Marine, as Arabie's employer, is liable for the payment of Arabie's compensation under the first sentence of § 904(a)**.

*Id.* at 779 (emphasis added).

Mark Mozell's declaration states that Fieldwood's policy would have covered Plaintiff "had" he been an employee.  We know Fieldwood's policy did not cover Plaintiff, which would suggest that he was not an employee.  Yet Fieldwood claims Plaintiff was its employee, so Fieldwood is taking plainly inconsistent positions.  The

opportunity to cross-examine Mr. Mozell would have exposed this inconsistency.[5]  A review of the policy itself does not reveal anything suggesting that it would provide coverage to a borrowed employee of Waukesha Pearce.  *See generally* Dkt. 297-4.

Because the policy was not produced in discovery, Plaintiff also would have cross-examine Mr. Mozell about where the policy came from and why it was withheld, and about unsubstantiated post-trial statement that it was the regular course of Fieldwood's business to create the insurance policy.  *See* Dkt. 297-4 pg. 2.  On its face, the policy appears to be created by Zurich, not Fieldwood.  *Id.* pg. 3.  Thus, it was not the regular course of Fieldwood's business to create the document.

### F.  These Issues Were Addressed In the Pretrial Order.

The Court states that "in the joint pretrial order, the parties did not list among their contested issues the questions of whether Fieldwood purchased workers' compensation insurance or permissibly self-insured."  Dkt. 319 pg. 4.  Plaintiff respectfully disagrees. The procurement and coverage of LHWCA insurance benefits is a necessary element of the borrowed employee affirmative defense, and Plaintiff challenged all borrowed employee factors as well as Fieldwood's failure to properly plead any aspect of the borrowed employee defense.   Further, Plaintiff expressly challenged whether federal LHWCA insurance had been procured (as required) as opposed to ordinary Texas Workers' Compensation insurance.  The following excerpts are from the pretrial order:

---

[5] Although Plaintiff was not afforded the opportunity to cross-examine Mr. Mozell, Plaintiff believes the cross-examination would undercut Mr. Mozell's declaration as well as Fieldwood's borrowed employee argument generally.

Plaintiff's Contentions

…

34. Mr. Raicevic was not the borrowed servant, borrowed employee, co-employee (or any similar classification) of Fieldwood, Wood Group, Island, or Shamrock, and the factual and legal arguments made in connection with these issues (including but not limited to the argument that the defendants cannot be held liable to Plaintiff) by Fieldwood, Wood Group, Island, and Shamrock are false and were not properly pled….

…

Contested Issues:

…

17.   Whether the factors pertaining to borrowed servant / co-employee / or similar characterization are present in this case.

Contested Issues of Law:

…

9.   Whether, as Defendants contend, Plaintiff is the borrowed employee of Fieldwood, Fieldwood is not liable to Plaintiff for damages based upon the protection of the LHWCA, Texas Workers' Compensation Act and/or Louisiana Worker's Compensation Act's bar to suit.

…

14.   Whether Plaintiff received or is receiving workers' compensation benefits under the Longshoreman & Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, versus another vehicle such as Texas Workers' Compensation.

*See* Dkt. 134 pg. 5, 13, 19.

In contrast, Fieldwood never specifically claimed in the Joint Pretrial Order that it had procured an LHWCA insurance policy.  *See* Dkt. 134.

## G. Motions In Limine Do Not Absolve A Party of Proving Its Case.

The Court states that Raicevic made a motion in limine, which the Court granted, barring the mention of workers' compensation insurance before the jury.  Dkt. 319 pg. 3-4.  Motions in limine and rulings thereon do not determine the admission or exclusion of

evidence; at most, motions in limine require parties to approach and obtain a ruling from the Court before raising the evidence in front of the jury.  It is reasonable and proper to require parties to approach before discussing insurance because it is an issue that must be handled appropriately.

Plaintiff has reviewed its written motion in limine as filed, and does not find a request as described or a written order thereon.  *See* Dkt. 161.  The undersigned counsel does not specifically remember an oral ruling with respect to a motion in limine addressing workers' compensation insurance or the contours of any such ruling, but cannot make a definitive statement prior to review of the record on appeal once it has been transcribed.

Nevertheless, there was nothing preventing Fieldwood from offering evidence of Fieldwood's purported LHWCA policy or of an actual policy that did cover and pay LHWCA benefits to Plaintiff.  Fieldwood could have requested the trial be bifurcated so that insurance matters were discussed after the jury rendered a preliminary verdict. Fieldwood also could have offered the evidence with a request for a limiting instruction. Fieldwood also could have introduced the policy information subject to cross-examination by Plaintiff outside the presence of the jury, which they did on other matters allegedly pertaining to their borrowed employee defense.  *See* Dkt. 297-11 pg. 88.

For all these reasons, judgment should be amended in favor of Plaintiff.

**IV.     Plaintiff Objects To Fieldwood's Post-Trial Evidence, Which Should Be Stricken And Cannot Be Considered.**

A week after trial, and then again the day before the Court entered judgment, Fieldwood offered the following evidence which Plaintiff moves be stricken from the record, and without which judgment must be entered for Plaintiff:

| Evidence Not Subject To Cross-Examination | Additional Reasons To Strike |
|---|---|
| • Declaration of Mark Mozell purporting to offer testimony about insurance maintained by Fieldwood, which is a necessary condition precedent to borrowed employee affirmative defense, and purporting to offer testimony about authenticity and provenance of documents.  Dkt. 297-4. | • Mr. Mozell was never disclosed as a person with knowledge of facts.<br><br>• Plaintiff was not afforded an opportunity to cross-examine Mr. Mozell or respond to the so-called evidence, thereby being deprived of his due process rights and right to fair trial. |
| • Purported insurance policy of Fieldwood. Dkt 297-4. | • Never produced in discovery thereby depriving Plaintiff of right of due process and right to a fair trial.<br><br>• Never listed in Fieldwood's disclosures thereby depriving Plaintiff of right of due process and right to fair trial.<br><br>• Never introduced at trial, thereby depriving Plaintiff of due process and right to fair trial. |
| • Portions of Master Service Agreement not offered at trial used to make new argument not advanced at trial.  Dkt. 318-3. | • Offered to support argument as to what the parties contemplated.<br><br>• Plaintiff was not afforded the opportunity to test or cross-examine the argument at trial, or to develop his own evidence in response, thereby being deprived of his right to fair trial.<br><br>• Evidence offered the day before the Court entered judgment, therefore not affording Plaintiff the right to respond. |

Federal Rule of Civil Procedure 37(c) provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).  There is no justification for Fieldwood's withholding this evidence, and the harm of it withholding the evidence until after trial is severely prejudicial on its face.  Further, evidence not offered at trial but only offered after trial disallows Plaintiff the due process right to develop evidence in response, including with witnesses.  Plaintiff requests that the Court strike the evidence described in the chart above.

### Exhibits

Plaintiff submits the following exhibits in support of this motion (attached hereto):

Exhibit A—Defendants' Unredacted Exhibit No. 2,008.1-19 B; C.A. No. 3:15-cv-00327

Exhibit B—Declaration of John D. Sheppard

### Conclusion and Prayer

Plaintiff requests that the judgment this Court entered in favor of the Defendants be withdrawn and/or amended in accordance with this motion; that judgment be amended in Plaintiff's favor consistent with the jury's findings; that the Court enter judgment in favor of Plaintiff and against Fieldwood for the damages found in the jury's verdict; that the evidence attached at Dkt. 297 and Dkt 318 be stricken and not relied upon by the Court in entering any judgment; that the Court's judgment make it clear that it has not considered such evidence; and for all other relief to which Plaintiff is entitled.