IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MILORAD RAICEVIC,<br>　　*Plaintiff*<br><br>v.<br><br>WOOD GROUP PSN, INC.,<br>ISLAND OPERATING CO., LLC, *and*<br>FIELDWOOD ENERGY, LLC,<br>　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. 3:15-CV-00327 |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION TO AMEND JUDGMENT AND MOTION TO STRIKE EVIDENCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Fieldwood Energy, LLC files this Response to Plaintiff's Motion to Amend Judgment and Motion to Strike Evidence ("Motion") (Doc. 329) and in support thereof would respectfully show the Court as follows.

### I. INTRODUCTION

Plaintiff's Motion is entirely predicated on an incorrect premise – that a party who seeks the protection of the borrowed-employee defense under *Ruiz* (and its considerable progeny) must prove to a jury that it purchased applicable LHWCA insurance that would have covered the borrowed employee. But this purported "prerequisite" is not only a creation of Plaintiff's own making, it is wholly unsupported by any case law. In fact, this notion was expressly rejected by controlling Fifth Circuit precedent. The Fifth Circuit holds that tort immunity under the LHWCA is permitted even when a borrowing employer – such as Fieldwood – does not pay the borrowed-employee's worker's compensation benefits.

Moreover, in making its findings in this case, the jury never would have been shown, never would have considered, and never would have been asked any questions regarding the exhibits about which Plaintiff now complains – the declaration of Mark Mozell, Fieldwood's insurance policy, and Fieldwood's un-redacted master service agreement with Waukesha-Pearce. Those exhibits were presented solely for this Court's benefit and consideration in making its legal determination regarding the application of the borrowed-employee defense in this case, and this Court properly considered those exhibits in reaching its final judgment in this matter. As a result, Fieldwood did not contravene any procedural rule in submitting these exhibits to this Court; nor did this Court violate any such rules in considering them.

Most telling is the fact that Plaintiff makes no effort to challenge the *merits* of this Court's opinion. Instead, it focuses on red herrings, despite Fieldwood's adherence to this Court's request that the parties brief the legal issues concerning the application of the borrowed-employee defense following trial. This Court should deny Plaintiff's Motion.

## II.  ARGUMENT & AUTHORITIES

As noted in its Court's Memorandum Opinion and Order ("Opinion"), the "Court submitted the borrowed-employee issue to the jury by requesting nine separate fact findings using the special verdict procedure authorized by Federal Rule of Civil Procedure 49(a)(1)." (Doc. 319 at 3) Plaintiff essentially claims that this Court should not have submitted *any* of these fact findings to the jury because Fieldwood failed to prove a purported "prerequisite" or "threshold requirement" to the borrowed-employee defense.

A. **Plaintiff's claim of a purported "threshold" requirement for establishing the borrowed-employee defense finds no support in the LHWCA or in Fifth Circuit case law.**

In response to the Court's order that the parties brief the application of the borrowed-employee defense following trial, Defendants jointly filed a supplemental brief on this issue. (Doc. 297) Defendants submitted Fieldwood's insurance policy and a declaration of Mark Mozell authenticating the policy with their supplemental brief. (Doc. 297-4)

Defendants supplied these exhibits to show the Court that, had Plaintiff had been a *direct* employee of Fieldwood, he would have been provided with LHWCA coverage. (Doc. 297 at 11) Specifically, Defendants noted:

> In addition, and *to the extent it may be relevant*, had Plaintiff been directly employed by Fieldwood, as opposed to being its borrowed employee at the time of this alleged incident, he would have been provided LHWCA coverage and benefits pursuant to Fieldwood's policy of insurance, also issued by American Zurich Insurance Company. (Exhibit D, Declaration of Mark Mozell) This insurance policy would have similarly covered employees of Wood Group and Island Operating, had they been directly employed by Fieldwood at the time of this alleged incident instead of being Fieldwood's borrowed employees.

(*Id.*, emphasis added).

Fieldwood did not argue these exhibits proved Fieldwood's insurance covered Plaintiff or that Fieldwood provided LHWCA benefits to Plaintiff. Nor did Fieldwood argue that it was *required* to prove such coverage applied or provided benefits to Plaintiff. Fieldwood did not make such arguments for the simple reason that there is no requirement under federal statute or controlling Fifth Circuit case law that a borrowing employer prove

its insurance did or would have covered a borrowed employee, or that it paid LHWCA benefits to a borrowed employee.

Plaintiff responded to the Defendants' joint supplemental brief and argued that "Defendants have not even met the conditions precedent to a borrowed servant defense, namely that Plaintiff was covered and paid LHWCA benefits." (Doc. 299 at 35) Again, and without citing any authority supporting such a claim, Plaintiff claimed proof of payment of LHWCA benefits to him is a required element to establish the borrowed-employee defense under *Ruiz*.

This Court subsequently issued its Opinion, discussing LHWCA coverage. (Doc. 319, at 2–4) Fieldwood does not perceive the Court's discussion of the insurance policy as a holding that LHWCA coverage by Fieldwood is a requirement for the application of the borrowed-employee defense. Rather, Fieldwood understands the Court's Opinion as simply addressing Plaintiff's meritless arguments raised in response to the Defendants' supplemental brief, as well as the issues of waiver surrounding Plaintiff's post-trial arguments. However, to the extent the Court's Opinion could be read as suggesting that borrowing employers are required to prove they obtained or paid for a borrowed employee's worker's compensation benefits—a notion Plaintiff belatedly now asserts is a required 10th element of *Ruiz*—Fieldwood respectfully disagrees with that conclusion because, as discussed below, it has already been specifically addressed and rejected by the Fifth Circuit.

**B.     The Fifth Circuit does not require a borrowing employer to prove it paid benefits or obtained LHWCA insurance for a borrowed employee in order to assert the borrowed-employee defense.**

Citing almost no case law, Plaintiff claims there is a prerequisite to a defendant asserting the borrowed-employee defense under the LHWCA, and that Fieldwood did not meet its burden to prove it obtained or paid for Plaintiff's worker's compensation benefits. What little authority Plaintiff cites does not support his claim, because his proposition is not the law.

The borrowed-employee doctrine, set forth under *Ruiz*, "is the functional rule that places the risk of a worker's injury on his actual rather than his nominal employer." *Jackson v. Total E & P USA, Inc.*, 341 Fed. App'x. 85, 86 (5th Cir. 2009). "Under the LHWCA, 'liability of an employer . . . shall be exclusive and in place of all other liability of such employer to the employee,' meaning that a covered employee's exclusive remedy against his employer in a negligence case is governed by the LHWCA." *Mosley v. Wood Group PSN, Inc.*, 18-30523, 2019 WL 494928, at *2 (5th Cir. Feb. 7, 2019).

The Fifth Circuit has consistently held that a party can assert immune from tort liability under the LHWCA even where that party does not pay the employee's worker's compensation benefits. *See, e.g., Wood v. Meridian Oil Prod. Inc.*, 199 F.3d 437, 1999 WL 1067545 at *3 n.2 (5th Cir. 1999); *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1246–47 n.17 (5th Cir. 1988); *Capps v. N.L. Baroid-NL Indus., Inc.*, 784 F.2d 615, 619 (5th Cir. 1986); *Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 522 (5th Cir. 1986); *West v. Kerr-McGee Corp.*, 765 F.2d 526, 530 (5th Cir. 1985).

5

In *Melancon*, the plaintiff argued that Amoco could only be considered a "borrowing employer" entitled to immunity from suit if Amoco had secured worker's compensation coverage and the plaintiff's nominal employer had not. 834 F.2d 1238, 1246–47. The Fifth Circuit ***rejected*** this argument, explaining its reasoning as follows:

> We rejected this argument in *West v. Kerr-McGee, supra,* and in subsequent cases have continued to follow this holding. *Alexander v. Chevron, U.S.A.,* 806 F.2d 526 (5th Cir. 1986), *cert. denied,* --- U.S. ----, 107 S. Ct. 3229, 97 L.Ed.2d 735 (1987); *Capps v. N.L. Baroid-NL Industries, Inc., supra; Doucet v. Gulf Oil Corp., supra.* These cases hold that the 1984 amendments to LHWCA §§ 904(a) and 905(a) do not restrict "borrowed employee" status only to instances when the lending employer fails to secure worker's compensation coverage and the borrowing employer does. The cases continue to apply the *Kerr-McGee* rule on the "borrowed employee" doctrine as it relates to the LHWCA and tort immunity under the LHWCA. The *Kerr-McGee* opinion carefully explains what these 1984 amendments were meant to accomplish. 765 F.2d at 528-30. Thus, the law is clear that the 1984 amendments did not affect the established "borrowed employee" analysis.

*Id.* at 1247.[1]

In *Wood v. Meridian Oil Production Inc.*, the Fifth Circuit summarized its prior rulings on whether a borrowing employer must pay a borrowed employee's worker's compensation benefits, as follows:

> Wood further argues that, regardless of the outcome of the *Ruiz* analysis, Burlington cannot be immune from liability because it did not pay Wood's workers' compensation benefits. ***We have repeatedly rejected this argument***. *See, e.g., Melancon*, 834 F.2d 1238, 1246–47 n.17 (5th Cir.1988) (permitting tort immunity under the LHWCA to employer who did not fund

---

[1] Although the Fifth Circuit surmised that Amoco paid for the borrowed employee's worker's compensation insurance, it clarified that fact did not affect the application of immunity from suit: "There is no requirement that tort immunity under § 905(a) attaches only to an employer who actually pays for his employees' worker's compensation (i.e. the premiums for the worker's compensation insurance coverage)." *Melancon*, 834 F.2d at 1247.

6

> employee's workers compensation benefits); *Capps v. N.L. Baroid-NL Indus., Inc.,* 784 F.2d 615, 619 (5th Cir.1986) (LHWCA does not abolish the borrowed employer doctrine); *Doucet v. Gulf Oil Corp.,* 783 F.2d 518, 522 (5th Cir. 1986); *West v. Kerr-McGee Corp.,* 765 F.2d 526, 530 (5th Cir. 1985).

1999 WL 1067545 at *3 n.2 (emphasis added). As can be seen from these cases, there is a reason this argument does not appear in Fifth Circuit decisions discussing *Ruiz* and the borrowed-employee defense—it is irrelevant to the analysis of the defense's application.

The lone case Plaintiff cites in support—*Total Marine Services, Inc. v. Dir., Office of Worker's Comp. Programs, U.S. Dept. of Labor*, 87 F.3d 774, 775 (5th Cir. 1996)—is both substantively and procedurally distinguishable from cases discussing LHWCA benefits and the borrowed-employee defense under *Ruiz* for tort immunity purposes. First, the court in *Total Marine* did not conduct a borrowed-employee defense analysis. *See* 87 F.3d at 775. That case involved an appeal from the Benefits Review Board's final order awarding reimbursement to a company for benefits it paid under the LHWCA to an injured employee who was "borrowed" by Total Marine. *Id*. In other words, the issue in that case was whether a borrowing employer under the LHWCA is liable to **reimburse** a direct employer for the worker's compensation benefits paid to the injured borrowed employee. *Id*. at 779. At no point has the Fifth Circuit held – either in *Total Marine* or elsewhere – that payment of a borrowed employee's compensation benefits is a prerequisite for a borrowing employer to assert its tort immunity under the LHWCA.

Nor does the language of the LHWCA support Plaintiff's claim to this purported requirement. The LHWCA prescribes that "**employers**" are required to "secure payment of

7

compensation as required by this chapter" to assert immunity from suit. *See* 33 U.S.C. §§ 905(a), 932(a) ("Every **employer** shall secure the payment of compensation under this chapter...") (emphasis added). The statute makes no similar requirement that "borrowing employers" must secure insurance for the payment of LHWCA compensation benefits to borrowed employees. And the practical implication from the Fifth Circuit cases cited above is clear—direct employers may attempt to seek reimbursement for the benefits paid to their borrowed employees from the borrowing employers.

There is simply no requirement under the applicable federal statutes or case law that Fieldwood prove or produce any evidence at trial to show it secured LHWCA insurance for Plaintiff or paid him any benefits to assert the borrowed-employee defense. As a result, there is no merit to Plaintiff's claim that Fieldwood failed to disclose relevant evidence to Plaintiff prior to or during trial concerning the borrowed-employee defense. Accordingly, this Court should disregard Plaintiff's arguments that Fieldwood failed to prove its borrowed-employee defense on the basis that it did not to submit additional evidence of its insurance during trial. This argument is simply irrelevant to Fieldwood's assertion of this legal defense and to this Court's consideration of its application in these circumstances.

C. **Fieldwood clarified, both before and during trial, that federal law controls this Court's borrowed-employee inquiry.**

Plaintiff now concocts a wholly speculative argument that Fieldwood amended its pleadings well before trial because it was "unsure" whether the LHWCA applied or if it

could be established.² (Doc. 329 at 11–15) Plaintiff also engages in a hypothetical argument that Fieldwood may "now attempt to jump on the Texas or Louisiana workers' compensation horses." (*Id*. at 13–14) Here, it is undisputed that Fieldwood argued before and during trial that federal law applies to the borrowed-employee question.

Fieldwood filed a Borrowed-Servant Trial Brief discussing the LHWCA on November 20, 2017, well before trial began. (Doc. 132) During trial, Fieldwood filed a motion for judgment as a matter of law (JMOL) addressing whether Plaintiff was Fieldwood's borrowed employee under the applicable federal statutes. (Doc. 206) Throughout trial, Fieldwood's counsel urged the Court to utilize *Ruiz*'s nine-factor borrowed-employee inquiry so that Fieldwood could receive the benefit of that defense. While preserving its objection that the determination of borrowed-employee status was a legal question for this Court only, Fieldwood also submitted proposed jury instructions that contained the factors promulgated in *Ruiz* that courts must weigh in determining whether a person is a borrowed employee. (Doc. 216)

Put simply, there is no question but that Fieldwood pursued its borrowed-employee defense utilizing the *Ruiz* factors before and during trial, and that Fieldwood has not indicated that it intended or intends to rely on Texas or Louisiana borrowed-servant statutes instead of federal law. Plaintiff's arguments on this point are entirely without merit.

---

² Fieldwood filed its amended answer in November 2017, and trial did not begin until January 2018. This is a far cry from a pleading amendment "on the eve of trial" as Plaintiff claims. (Doc. 329, at 12)

**D.     Fieldwood's exhibits were properly submitted for the Court's use and consideration only, and would never have been shown to the jury.**

Plaintiff attempts to twist the purpose of the exhibits Fieldwood submitted to this Court and to ascribe an intent to them that Fieldwood neither possessed nor expressed.

First, Plaintiff claims that "Fieldwood offered this evidence [the declaration of Mark Mozell and its insurance policy] after the verdict in an effort to satisfy the requirement that it procured a LHWCA policy that provides coverage to Plaintiff." (Doc. 329 at 17) In fact, Defendants supplied these exhibits merely to show the Court that had Plaintiff been Fieldwood's *direct* employee – instead of its *borrowed* employee – Plaintiff would have received LHWCA coverage. (Doc. 297 at 11) As noted above, proof of such insurance is not a requirement of the LHWCA or the controlling Fifth Circuit precedent for a defendant to assert the borrowed-employee defense. There was no other reason for providing the Court with these exhibits. In fact, these exhibits are not probative of anything else in this case. Additionally, Plaintiff did not show that he requested these documents during discovery or that Fieldwood failed to produce them. So he cannot now claim it was improper for Fieldwood to have attached them to a post-trial brief. Because these documents would not have been used at trial, Plaintiff's analysis under Rule 37(c) is inapplicable.

Second, Plaintiff was, at all material times in this case, in possession of a complete, un-redacted copy of the master service agreement between Fieldwood and Waukesha-Pearce since May 2016. (*See* Doc 318-1) Plaintiff cannot claim surprise or prejudice from this document. Additionally, Fieldwood's purpose in presenting this Court with the un-

10

redacted version of the master service agreement was to show its similarities to the contract provisions discussed by the Fifth Circuit in its recent decision, *Mosley v. Wood Group PSN, Inc., et al*. In *Mosley*, the court held that the agreement's "independent contractor" language did not foreclose a finding that the plaintiff in that case was a borrowed employee. 2019 WL 494928 at *4. Instead, the Fifth Circuit agreed with the district court that the contract language presented a fact issue that did not preclude summary judgment for the defendants "when the remaining factors clearly point to borrowed employee status." *Id*. at *5. The *Mosley* court also referenced its prior holdings that workplace realities "can impliedly modify, alter, or waive express contract provisions." *Id*. Fieldwood filed a supplemental brief to highlight the Fifth Circuit's analysis in *Mosley* and to permit this Court to compare the two contracts side-by-side.

  Third, any evidence of LHWCA insurance or the provisions of the master service agreement discussing the provision of various insurance coverages would never have been discussed or submitted to the jury in this case. It is disingenuous for Plaintiff to now claim Fieldwood could or should have offered such evidence at trial, or to suggest that Fieldwood was somehow required to do so. There is no fact issue related to insurance that the parties or this Court would have asked the jury to resolve concerning these exhibits. These exhibits were for solely for the Court's use and consideration in reaching its legal determinations regarding whether Plaintiff was Fieldwood's borrowed employee. Presenting these exhibits to the jury at trial would have been harmful and prejudicial error.

  Finally, to the extent that this Court determines that a fact finding on whether Fieldwood purchased workers' compensation insurance (or was permissibly self-insured)

11

is necessary for the application of a *Ruiz* borrowed-employee analysis (and it is not), this Court was within its discretion to make such findings. Rule 49(a)(3) provides:

> A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

FED. R. CIV. P. 49(a)(3); *see Bedrock Computer Techs., LLC v. Yahoo! Inc.*, 2011 WL 13220631, at *4 (E.D. Tex. 2011).

Rule 49 does not prohibit this Court from making the findings it expressed in its Opinion. Plaintiff cites *Fudali v. Pivotal Corporation* to support a claim that the Court's actions here were improper, but not only did that court read Rule 49(a)(3) too narrowly (and without citation to any authority supporting its interpretation of the rule), that case involved a damages finding that a jury was **required** to decide during trial. *Id.*, 623 F. Supp. 2d 11, 19 (D.D.C. 2008). This Court's findings here are well within what is contemplated by Rule 49, but more importantly, concern issues this Court never would have submitted to a jury in any event. As a result, and in addition to the reasons set forth above, Fieldwood was not required to introduce evidence at trial related to the Court's challenged findings.

Plaintiff has not been denied "due process," and there is no legitimate reason for this Court to strike Fieldwood's exhibits (the declaration of Mark Mozell (Doc. 297-4), Fieldwood's insurance policy (Doc. 297-4), and Fieldwood's unredacted master service agreement with Waukesha-Pearce (Doc. 318-3)). Plaintiff's motion should be denied.

## III. CONCLUSION

For all of the reasons set forth herein, Defendant Fieldwood Energy, LLC respectfully requests that this Court deny Plaintiff's Motion to Amend Judgment and Motion to Strike Evidence in its entirety. Fieldwood also requests any such other relief to which it is entitled in law or in equity.

Respectfully submitted,
**WRIGHT CLOSE & BARGER, LLP**

*/s/ R. Russell Hollenbeck*
R. Russell Hollenbeck
Texas State Bar No. 00790901
Federal ID No. 21321
Natasha N. Taylor
Texas State Bar No. 24071117
Federal ID No. 1102665
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (fax)
hollenbeck@wrightclosebarger.com
taylor@wrightclosebarger.com

Randy Donato
Texas State Bar No. 05973300
Federal ID No. 12854
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Ste. 2300
Houston, Texas 77027
(713) 877-1112
(713) 877-1138 (fax)
rdonato@donatominxbrown.com

**COUNSEL FOR DEFENDANT, FIELDWOOD ENERGY LLC**

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the above and foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on April 4, 2019.

John D. Sheppard
Nicholas A. Morrow
MORROW & SHEPPARD LLP
3701 Kirby Dr, Ste 840
Houston, Texas 77098

*Attorneys for Plaintiff*

Bradley L. Deluca
JOHNSON DELUCA KURISKY & GOULD, P.C.
4 Houston Center
1221 Lamar Suite 1000
Houston, Texas 77010

*Attorneys for Defendant Wood Group PSN, Inc.*

James M. Tompkins
GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH, A PLC
1301 McKinney, Suite 1400
Houston, Texas 77010

*Attorneys for Defendant Shamrock Management, LLC*

Hal J. Broussard
BROUSSARD & KAY, L.L.C.
909 Garber Road
Post Office Box 189
Broussard, Louisiana 70518

*Attorneys for Defendant Island Operating Company, Inc.*

                                      */s/ R. Russell Hollenbeck*
                                      R. Russell Hollenbeck